UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BLAIR IMANI, ET AL.

CIVIL ACTION

VERSUS

NO. 17-439-JWD-EWD

CITY OF BATON ROUGE, ET AL.

**RULING ON MOTION FOR LEAVE OF COURT TO CONDUCT LIMITED EXPEDITED DISCOVERY**

Before the court is a Motion for Leave of Court to Conduct Limited Expedited Discovery (the "Motion to Conduct Expedited Discovery").[1] The Motion to Conduct Expedited Discovery was filed by plaintiffs, Blair Imani, Akeem Muhammad, Raae Pollard, Samantha Nichols, Tammy Cheney, Alexus Cheney, Victor Onuoha, Antonio Castanon Luna, Nadia Salazar Sandi, Karen Savage, Cherri Foytlin, Dr. Daniel Liebeskind, Alisha Feldman, Finn Phoenix, and Leah Fishbein (collectively, "Plaintiffs"). No defendant has made an appearance in this matter. For the reasons set forth herein, the Motion to Conduct Expedited Discovery is **DENIED** without prejudice.

**I.    Background**

This suit arises out of the July 5, 2016 shooting of Alton Sterling and the subsequent protests that occurred in Baton Rouge, Louisiana on July 10, 2016. On July 9, 2017, Plaintiffs filed a Complaint alleging, *inter alia*, false arrest and imprisonment, use of excessive force, and violations of constitutional rights.[2] On July 21, 2017, Plaintiffs filed an Amended Complaint.[3] In addition to naming various individual officers as defendants, Plaintiffs name the City of Baton Rouge; the Parish of East Baton Rouge; Melvin "Kip" Holden in his individual capacity and in his official capacity as former Mayor-President of the City/Parish; Sid Gautreaux III, the Sheriff of

---

[1] R. Doc. 2.

[2] R. Doc. 1, ¶¶ 260-300; R. Doc. 5, ¶¶ 261-298.

[3] R. Doc. 5.

1

East Baton Rouge Parish; Carl Dabadie, Jr, the Chief of the Baton Rouge Police Department; the Louisiana State Police ("LSP"); Col. Michael Edmonson and Kevin Reeves, Superintendents of the LSP; Sheriff Mike Cazes; Chuck Hurst, the director of the Louisiana Sheriffs' Association Task Force and Homeland Security services; the Louisiana Sheriff's Association;[4] Atlantic Specialty Insurance Company, the alleged liability insurer of the East Baton Rouge Sheriff's Department;[5] and AIX Group, d/b/a Nova Casualty Company, which allegedly "provides insurance to the Louisiana Sheriff's Association and some of its members, including the East Baton Rouge Sheriff's Office."[6] Additionally, and significant to the instant Motion for Expedited Discovery, Plaintiffs have named a number of unknown "Officer Does" whom Plaintiffs allege served "as Officers of the BRPD, EBRSO, LSP, and other law enforcement agencies who were involved in the suppression of dissent through the use of excessive force, intimidation, and illegal arrest of protestors in July 2016."[7] Finally, Plaintiffs have named "Insurance Company Does," which "upon information and belief, have issued and currently have in effect one or more policies of insurance covering one or more of the Defendants named herein."[8]

On July 10, 2017, Plaintiffs filed the instant Motion to Conduct Expedited Discovery.[9] Plaintiffs contend that while they have "determined the identities of many Defendants via public records requests and their own investigation, others are still unknown" because affidavits of probable cause do not identify the arresting officer, the signatures of the officers signing the affidavits are illegible, and "some Defendants' insurers are unknown even after public records

---

[4] R. Doc. 5, ¶¶ 35-45.
[5] R. Doc. 5, ¶ 60.
[6] R. Doc. 5, ¶ 61.
[7] R. Doc 5, ¶ 59.
[8] R. Doc. 5, ¶ 62.
[9] R. Doc. 2.

requests."[10]  Plaintiffs seek leave to issue subpoenas to the "entity defendants" asking three questions: "(1) The name, job title, and rank of the officers who detained and arrested each Plaintiff; (2) The name, job title, and rank of the officers who signed the affidavits of probable cause for each Plaintiff; and (3) The identity of any liability or excess insurer for entity Defendants."[11]  In support of their Motion, Plaintiffs rely on this court's recent decision in another suit arising out of the July 2016 protests and alleging wrongful arrest and violation of constitutional rights, *Tennart v. City of Baton Rouge*, No. 17-cv-179, United States District Court, Middle District of Louisiana ("*Tennart*"), R. Doc. 30 (July 28, 2017 Ruling and Order on Motion to Conduct Pre-Rule 26(f) Conference Expedited Discovery Regarding Identities of Fictitious Defendants).

**II.    Law and Analysis**

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to command a non-party to attend and testify at a deposition or produce designated documents, electronically stored information, or tangible things in its possession, custody, or control.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Fed. R. Civ. P. 26(d)(1) provides that, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  Expedited discovery is not the norm; however, "in limited circumstances, district courts have allowed expedited discovery 'when there

---

[10] R. Doc. 2-1, p. 1.

[11] *See*, R. Doc. 2-2, Plaintiffs' proposed Order granting Motion to Conduct Expedited Discovery.

3

is some showing of irreparable harm that can be addressed by limited, expedited discovery.'" *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 FRD 58, 61 (M.D. La. Dec. 1, 2016).

"Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit…have expressly utilized the 'good cause' standard when addressing the issue." *ELargo*, 318 FRD at 61 (M.D. La. Dec. 1, 2016) (collecting cases). *See also*, *Wilson v. Samson Contour Energy E&P, LLC*, 2014 WL 2949457, at * 2 (W.D. La. June 30, 2014) (same; collecting cases); *BKGTH Productions, LLC v. Does 1-20*, 2013 WL 5507297, at * 4 (E.D. La. Sept. 30, 2013) (same). "The good cause analysis considers factors such as the 'breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on [the responding party] to comply with the requests and how far in advance of the typical discovery process the request was made." *BKGTH Productions, LLC v. Does 1-20*, 2013 WL 5507297, at * 4 (E.D. La. Sept. 30, 2013). In such analysis, the court "must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id*. (citing *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, 275 F.R.D. 236, 239-240 (S.D. Tex. 2011)). "The burden of showing good cause is on the party seeking the expedited discovery." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). "Moreover, the subject matter related to the requests for expedited discovery should be narrowly tailored in scope." *Id*.

In *Tennart*, this court allowed limited expedited discovery. There, Plaintiffs explained that they had initiated public records requests in September and October, 2016, and that mandamus actions in state court related to enforcement of those requests were filed in March, 2017. Despite these efforts, Plaintiffs had not received the information sought at the time they filed their motion

4

for expedited discovery on June 15, 2017. The undersigned explained that the *Tennart* plaintiffs established that they "had diligently pursued other avenues, including a judicial enforcement action, to obtain the information they seek"[12] and concluded that "where such early identification may avoid naming multiple potentially innocent parties as defendants, good cause exists to allow Plaintiffs to proceed with some form of expedited discovery."[13]

Here, in contrast to *Tennart*, Plaintiffs issued a public records request to the Baton Rouge Police Department on June 29, 2017 (*i.e.*, less than two weeks prior to filing their Motion to Conduct Expedited Discovery).[14] It appears that Plaintiffs' counsel received an initial response to that request on July 7, 2017.[15] At that time, Plaintiffs were told that supplemental reports may be forthcoming.[16] Unlike the plaintiffs in *Tennart*, Plaintiffs here have not established that they timely and diligently pursued other avenues to obtain the information they seek, and it appears based on the documentation attached to their Motion that additional information may be obtained without the requested subpoenas. Moreover, Plaintiffs have not shown that such information is unattainable through the use of the usual discovery methods pursuant to the procedures set forth in the Federal Rules of Civil Procedure, or that the "entity defendants" are unwilling to work with Plaintiffs to provide the necessary information without the issuance of subpoenas. Under such circumstances, Plaintiffs have not shown, at least at this juncture of the proceedings, that there is good cause to divert from the general rule that expedited discovery is not the norm, nor have

---

[12] *Tennart*, R. Doc. 30, p. 7.

[13] *Tennart*, R. Doc. 30, p. 8 (citing *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 FRD 58, 61 (M.D. La. Dec. 1, 2016) (granting request for narrowly tailored expedited discovery after plaintiff showed previous efforts to obtain identity of actual alleged copyright infringer to avoid naming a potentially innocent party as a defendant in the action)).

[14] R. Doc. 2-3.

[15] R. Doc. 2-4

[16] R. Doc. 2-4 ("Once we learn that any of the above cases are closed, then we will make supplemental reports associated with those cases available to you.").

Plaintiffs shown that they would suffer irreparable harm if such discovery is not allowed on an expedited basis. Accordingly, Plaintiffs' Motion to Conduct Expedited Discovery is denied without prejudice to Plaintiffs' right to re-urge such motion if Plaintiffs are unable to obtain the information they need informally and in a timely manner.

### III. Conclusion

For the reasons set forth herein, Plaintiffs' Motion for Leave of Court to Conduct Limited Expedited Discovery[17] is **DENIED** without prejudice.

Signed in Baton Rouge, Louisiana, on July 25, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Doc. 2.