UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAIR IMANI, *et al.* | ) |
| Plaintiffs, | ) Docket No. 17-cv-00439-SDD-RLB |
| v. | ) |
| CITY OF BATON ROUGE, *et al.* | ) |
| Defendants. | ) |

**DECLARATION OF WILLIAM MOST IN SUPPORT OF RENEWED MOTION FOR LEAVE OF COURT TO CONDUCT LIMITED EXPEDITED DISCOVERY**

I, William Most, of New Orleans, Louisiana, declare the following:

1. I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

2. Prior to filing this case, I assembled information and public records in an effort to identify all defendants, including the arresting and seizing officers. My pre-filing efforts included the following

    a. I reviewed other lawsuits involving police abuses during the same weekend of protests in Baton Rouge to obtain information about plausible defendants. *E.g.*, *Tennart v. City of Baton Rouge,* 17-cv-00179.

    b. On June 9, 2017, I drove to Baton Rouge and obtained thirteen arrest affidavits for Plaintiffs from the Clerk of Court. (Two plaintiffs' arrest affidavits were not in the Clerk's system.) *See* R. Doc. 1-4.

    c. I assembled a corpus of photos and videos of the protests from plaintiffs, witnesses, and news media. The resulting corpus was many gigabytes of information, comprised of hundreds of photos and videos.

1

*3.* Additionally, on June 29, 2017, I sent Public Records Act requests to the Baton Rouge Police Department (BRPD) and the Louisiana State Police (LSP). Both requests asked for the name of any insurance company that insures the agency or its officers. *Ex. B and C*. The BRPD request also asked for "The names of the BRPD officer(s) who took the following persons into custody on July 10, 2016" and then listed Plaintiffs' names, file numbers, and barcode numbers from their Affidavits of Probable Cause. *Ex. C*.

4. Both agencies responded to the insurance question, explaining that they were self-insured.

5. But BRPD provided only a partial response to the PRA question about identifying officers. BRPD provided incident reports for only three of the Plaintiffs. Only two of those reports identified the arresting officer. BRPD even failed to provide the documents described in the incident reports which might identify the arresting officers, including the "necessary paperwork" filled out by the "Mobile Field Force Officers" who arrested Plaintiff Nadia Salazar Sandi. *Ex.D* at 22. Nor did they provide the "additional supplemental reports" described in their incident reports. *Id.*

6. Accordingly, we filed a Motion for Leave of Court to Conduct Limited Expedited Discovery. R. Doc. 2. When the Court denied the motion without prejudice (R. Doc. 6), Plaintiffs' counsel took further steps to attempt to obtain the defendants' identities.

*7.* On July 25, 2017, I sent out Public Records Act requests to the BRPD, LSP, and the East Baton Rouge Sheriff's Office (EBRSO). *Ex. E, F, G*. Each request asked for:

- The name, job title, and rank of each officer detained or arrested Plaintiffs.

- The name, job title, and rank of each officer who signed an affidavit of probable cause for Plaintiffs.

- The identity of any liability or excess insurer for the agency or its officers.

8. The request specified that "This request is not limited solely to those officers who formally arrested the listed people. It would also include any officer who participated in the physical seizure of any of the listed people."

## LSP Agrees to Identify Officers

9. LSP's counsel expressed a willingness to work with Plaintiffs' counsel to identify troopers involved in the arrest and seizure of Plaintiffs. According to LSP's counsel, "LSP did not complete any arrest forms so we have no documentation to review." But they agreed to identify LSP troopers who are visible in photos or videos as participating in the arrest of Plaintiffs. *E.g.*, R. Doc. 1 at 3 (showing two LSP troopers lifting Plaintiff Raae Pollard off the ground by her throat and arms). Plaintiffs' counsel identified videos and photos showing that LSP troopers participated in the arrest and seizure of at least Raae Pollard, Samantha Nichols, and Finn Phoenix.

10. But BRPD and EBRSO have not shown any such willingness to work with Plaintiffs to identify the arresting/seizing officers.

## BRPD Refuses to Identify Officers

11. In response to the Public Records request, BRPD agreed only to provide affidavits of probable cause (which Plaintiffs already have 13 out of 15 of) and four incident reports (three of which had already been provided, and one of which contained no identification of the arresting officer). *Ex. H*.

12. Plaintiffs' counsel explained why this wouldn't be sufficient to fully respond to the Public Records request, and proposed a number of possible solutions:

> Our Public Records Law request was for records showing the name, job title, and rank of each officer who on July 10, 2016, seized, detained, or arrested the people listed in Appendix A, or who signed an affidavit of probable cause for those arrests.
>
> In response, you say you have provided us with affidavits of probable cause for each

person and four initial reports. But those documents do not show the information requested. Here is an example of a signature from one of the affidavits:

[signature image: illegible signature labeled "Affiant" with "OM 0420" notation]

As you can see, due to the illegibility of the signature, the document does not provide the requested "name, job title, and rank" of the signing officer.

So there are a few ways we can proceed from here. First, as John suggested, you could generate a list of the officers that we requested information about, and we will consider that satisfying the request.

Or you could provide documents which show the information requested. For example, you could have a member of the BRPD identify the signature of "OM 0420" above, and then you could provide us with a cover sheet of that officer's personnel file (or some other record that shows the requested "name, job title, and rank").

Or perhaps you have another idea of how to satisfy the request. Our core goal here is to identify the officers at issue, and we are happy to work with you to make that as easy as possible for the City.

*Ex. I.*

13. But BRPD would not attempt any of these solutions or suggest any of their own. They

responded:

Thank you for your reply. I understand that you are requesting a document which contains the names, job titles and rank of the officers who were involved in some way with the 15 individuals listed in your Appendix A.

We do not have such a document which contains the specific information you're interested in.

You have asked us to "generate a list of the officers that [you] requested information about." This is incompatible with court rulings regarding public records law, as there is not a duty to create a document.

You have alternatively requested us to "identify signatures," which appears to be more in the vein of discovery measures, rather than a public records request.

*Ex. J.*

### EBRSO Refuses to Identify Officers

14. On July 25, 2017, Plaintiff's counsel sent the Public Records Act request to EBRSO. Ex.

F.

15. Nearly two weeks later, EBRSO responded. With regard to the requests for the identity of officers who detained, arrested, or signed an affidavit of probable cause for Plaintiffs, EBRSO wrote: "Please be advised that the East Baton Rouge Sheriff does not possess any items responsive to this request." *Ex. K*. With regard to the insurance question, EBRSO provided a single page – an insurance declaration page from Nova Casualty Company.

16. But EBRSO did not say whether or not their deputies participated in the arrest or seizure of any of plaintiffs.

17. Certainly sheriff's deputies were present, as suggested by pictures including those below:





18. On August 28, 2017, I called EBRSO's counsel Rachel Abadie to clarify the meaning of the PRA response. *See* Ex. L at 3. She told me that she'd spoken with all of the EBRSO deputies named as defendants in the various lawsuits related to the July 2016 protests, and they all say that they didn't touch any protester. *Id.* She also said that EBRSO arrested three protesters during the protests, but not the plaintiffs in any of the lawsuits. *Id.* During the phone call, Ms. Abadie said she would get back to me about two follow-up questions: (1) whether there is any documentation when an EBRSO deputy puts their hands on a suspect; and (2) whether EBRSO can say whether any of its deputies put their hands on any protesters on July 10, 2016. *Id.*

19. I sent an email confirming my understanding of our conversation. *Ex. L* at 3. Ms. Abadie disputed the way I described it, but did not articulate what the problem was. *Ex. L* at 2. She indicated that she would *not* be getting back to me about the follow-up questions she said she would look into. *See Ex L* at 1. She invited me instead to do another Public Records request. Ex.

L. at 1.

20. On August 29, 2017, I followed up with a public records request. *Ex. M*. I asked for a response within three days, as required by La. R.S. 44:32. Five days have now passed with no response – or even an acknowledgment of receipt.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 2, 2016 /s/ William Most
WILLIAM MOST
Louisiana Bar No. 36914
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com