UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAIR IMANI, *et al.* | ) <br> ) <br> ) |
| Plaintiffs, | )    Docket No. 17-cv-00439-JWD-EWD |
| v. | ) <br> ) |
| CITY OF BATON ROUGE, *et al.* | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR
<u>LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT</u>**

NOW INTO COURT, through undersigned counsel, come Plaintiffs who file this Memorandum in support of their motion for leave to file a Second Amended Complaint and name recently-identified John Doe Defendants.

**I.   INTRODUCTION**

This lawsuit is brought by protesters and journalists arrested on July 10, 2016, during peaceful protests in Baton Rouge a few days after Alton Sterling was killed by police. R. Doc. 5. Plaintiffs have sought the names of several John Doe defendants through the Louisiana Public Records Act and expedited discovery. *See* R. Doc. 2, 16 and 21, at 3-5, 8-9. Through their diligence plaintiffs have been able to identify several of the John Doe Defendants in this case. They now seek leave to file an amended complaint and formally name these Defendants.

**II.   BACKGROUND**

Plaintiffs filed their complaint on July 9, 2017, and their first amended complaint on July 21, 2017. R. Docs 1, 5. They named various defendants including officials employed by the City/Parish of Baton Rouge, the Baton Rouge Police Department, the Louisiana State Police, and

1

the East Baton Rouge Parish Sheriff's Department. See R. Doc. 21, at 1-2. Plaintiffs also named a number of unknown "Officer Does" who served as officers with the Baton Rouge Police Department, East Baton Rouge Sheriff's Office, the Louisiana State Police, and other law enforcement agencies that arrested Plaintiffs or signed affidavits of probable cause for a Plaintiff's arrest. R. Doc. 21, at 2-3.

In an attempt to diligently seek out the proper names of the Officer Does, on July 10, 2017, Plaintiffs filed a Motion for Leave of Court to Conduct Limited Expedited Discovery. R. Doc. 2. In their request Plaintiffs explained that:

> while they have "determined the identities of many Defendants via public records requests and their own investigation, others are still unknown" because affidavits of probable cause do not identify the arresting officer, the signatures of the officers signing the affidavits are illegible, and "some Defendants' insurers are unknown even after public records requests." R. Doc. 6, at 2-3.

Consequently, Plaintiffs sought leave to issue subpoenas to specific entities asking, *inter alia*, for (1) the name, title, and rank of the officers who detained and arrested each Plaintiff; (2) the name, title, and rank of the officers who signed affidavits of probable cause for each Plaintiff; and (3) the identity of any liability or excess insurer for entity Defendants. R. Doc. 21, at 3.

On July 25, 2017, this Court denied Plaintiffs' motion without prejudice, leaving them the clear right to re-urge the motion if they were "unable to obtain the information they need[ed] informally and in a timely manner." R. Doc. 6, at 6 (July 25 Order Denying Motion for Expedited Discovery). Plaintiffs worked to get the information informally, without success, and re-urged the motion. On September 11, 2017, this Court granted Plaintiffs leave to issue subpoenas to BRPD for the identity of the officers involved. R. Doc. 21 (Sept. 11 Order Granting Motion for Subpoenas).

Pursuant to September 11, 2017 Order, *id.*, Plaintiffs served the Baton Rouge Police Department with a subpoena requesting the identities of remaining John Doe Defendants. The return date on that subpoena was October 4, 2017.

On October 31, 2017, this Court granted "the Consent Motion to Enlarge the Time to Serve Defendants for good cause[]" and gave Plaintiffs "until December 15, 2017, to serve the remaining defendants." R. Doc. 42.

As the deadline to serve has been extended, and now in possession of the identities of certain Officer Does, Plaintiffs file this bring this motion for leave of Court to file their Second Amended Complaint and add the names of these John Doe Defendants.

### III. PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." This standard "evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment . . . ." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). Indeed, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 (5th Cir. 2001) (stating that, although a district court's denial of motion for leave to amend is reviewed for abuse of discretion, such discretion is limited in that leave to amend must be freely granted when justice so requires).

Plaintiffs have diligently sought the identities of doe defendants, filing public records requests and seeking expedited discovery to ensure that any newly-discovered defendants were

added to the lawsuit in a timely fashion. The Court has granted Plaintiffs an extension of time to serve new defendants until December 15, 2017. This request for leave to amend and add newly-discovered named defendants is well within that time limitation and there exists no reason to deny Plaintiffs leave to amend.

The newly discovered defendants have been on notice since the inception of this lawsuit. Here, nearly all previously-named defendants have been served or waived service. R.Doc. 16-3, at ¶ 18. Counsel for these defendants have filed responsive pleadings. *See* R. Docs. 20, 23. Other defendants have filed an Answer. See R. Doc. 15. Counsel for the previously-named defendants has engaged with counsel for Plaintiffs in their efforts to ascertain the identities of the Doe defendants. *See* R. Doc. 16-3, at ¶'s 4, 5, 9, 11-13, 15, 18-19.

The new parties—members of the Louisiana State Police and the Baton Rouge Police Department—will have the same attorney as the already-named defendants in these agencies. This counsels in favor of granting leave to amend. *Accord Ramirez v. Burr*, 607 F.Supp. 170, 173-174 (S.D.Tex.1984) ("[T]he requisite notice of an action can be imputed to a new defendant through his attorney who also represented the party or parties originally sued.") (citing *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir.1980)); *Morrison v. Lefevre*, 592 F.Supp. 1052, 1057-58 (S.D.N.Y.1984) (prison officials added to suit had notice through attorney they shared with prison officials named in original complaint). The addition of closely related parties in state government who are in interest with each other does not prejudice the defendants added in the amended complaint.

Similarly, the new parties share a sufficient "identity of interests" with the original parties. *See Kirk*, 629 F.2d at 408. Identity of interests "generally means that the parties are so closely related in their business operations or other activities that the institution of an action

4

against one serves to provide notice of the litigation to the other." *Id*. at 408 n.4. *See also Benson & Ford, Inc. v. Wanda Petrol. Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987); *O'Hara v. District No. 1-PCD, MEBA, AFL-CIO*, 56 F.3d 1514, 1519 (D.C.Cir.1995).

In short, there is simply no prejudice to the defendants in allowing this amendment and Plaintiffs should be granted leave to amend their complaint and add the names of the newly-discovered defendants.

### IV. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court enter an order granting them leave to amend their complaint and add the names of the recently-identified John Doe Defendants.

Respectfully submitted,

*/s/ William Most*
WILLIAM MOST
Louisiana Bar No. 36914
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com

*/s/ John Adcock*
JOHN ADCOCK
Louisiana Bar No. 30372
3110 Canal Street, 2d Floor
New Orleans, LA 70119
T: (504) 233-3125
F: (504) 308-1266
Email: jnadcock@gmail.com

*/s/ Michelle M. Rutherford*
MICHELLE M. RUTHERFORD
Louisiana Bar No. 34968
1700 S. Rampart St.
New Orleans, LA 70113
T: (415) 794-5639
F: (504) 407-2131

Email: michelle@rfordlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2017, the Plaintiffs' *Memorandum in Support of the Motion to for Leave to File Amended Complaint* was filed electronically with the Clerk of Court for the Middle District of Louisiana using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system

_____*/s/ William Most*__
William Most