# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| **BLAIR IMANI, ET AL** | ) | **CIVIL ACTION NO. 3:17-cv-00439** |
|  | ) |  |
| **v.** | ) |  |
|  | ) | **JUDGE JOHN W. DEGRAVELLES** |
| **CITY OF BATON ROUGE, ET AL** | ) |  |
|  | ) | **MAG. ERIN WILDER-DOOMES** |

### Memorandum in Support of Louisiana State Police Defendants'

### Motion to Dismiss, Or Alternatively, to Stay

**May It Please The Court:**

WHY THIS MOTION HAS MERIT

This civil rights case concerns the arrests of certain individuals who participated in an illegal protest and refused to leave once police declared it illegal. In addition to false arrest, plaintiffs assert a variety of civil rights and state law claims grounded in alleged police misconduct.[1] Certain named plaintiffs have been "no-billed" by the District Attorney. The instant motion concerns those plaintiffs who still await a billing decision by the District Attorney.[2] Undersigned counsel inquired of the District Attorney and requested the status of the charges, if any, against the Imani plaintiffs and was informed the District Attorney is still making billing decisions.[3] Plaintiffs alleged nothing in their complaint concerning their arrests or the status of any charges lodged against them.[4]

---

[1] Rec Doc. 59
[2] Blair Imani, Akeem Muhammad, Samantha Nichols, Tammy Cheney, Alexus Cheney, Victor Onuoha, Karen Savage, Cherri Foytlin, Alisha Feldman, Antonio Castanon Lun, and Leah Fishbein
[3] Exhibit 1, email exchange
[4] Rec Doc. 59

{00724327 - v1}

THE *HECK* DOCTRINE

An action brought under 42 U.S.C. §1983 cannot be brought to challenge the fact or duration of confinement in a penal institution or obtain damages for the underlying conduct if the plaintiff has been criminally convicted.[5] Typically, *Heck* is considered after a state court conviction, but not always. It is the completion of the state criminal proceeding that provides a federal court entertaining a civil rights claim the sufficient information to determine whether or not the case is ripe to go forward. In *Mackey*, 47 F.3d 744, the civil rights plaintiff/criminal defendant had not begun the state court criminal process. Until the pending criminal case had run its course, the *Mackey* court was unable to determine whether a successful attack on Mackey's arrest would implicate the validity of his confinement:[6]

> The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement.    It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests.    If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction.    On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*.    Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).
>
> At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*.    Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until

---

[5] *Heck v. Humphrey*, 512 U.S. 477 (1994); *Mackey v. Dickson*, 47 F.3d 744 (5th Cir.1995)
[6] *Id.* at 746

that time it may be difficult to determine the relation, if any, between the two.[7]

*Mackey* applies here. Until the state criminal proceedings have concluded these plaintiffs cannot proceed.

CONCLUSION AND RELIEF REQUESTED

This Court must decide if these §1983 actions will invalidate any outstanding criminal judgments.[8]   The state court criminal proceedings have not yet gone to judgment or otherwise been resolved, leaving this Court without the necessary factual basis to determine if the instant litigation can or should go forward.  For these reasons, defendants request that the Court grant their Motion to Dismiss, or Alternatively, to Stay Pending Resolution of Plaintiffs' Criminal Prosecutions.

Respectfully submitted,

**BURGLASS & TANKERSLEY, LLC**

  /s/Dennis J. Phayer                               
Dennis J. Phayer (10408)
dphayer@burglass.com
Elizabeth A. Doubleday (34916)
edoubleday@burglass.com
5213 Airline Drive
Metairie, Louisiana 70001
Direct Dial Phone: (504) 836-0412
Telefax: (504) 287-0452
Louisiana State Police, Colonel Kevin Reeves, Superintendent of the Louisiana State Police, Michael Edmonson, former Superintendent of the Louisiana State Police, Lt. Beau Comeaux, Master Trooper Herman Newell, Trooper William Seymour, Senior Trooper Joe Dessens, Sgt., Mark Dennis, Trooper Jonathan James, Sgt. Gerald Varnado, Master Trooper Samuel Capaci, Sgt. Kevin Curlee, Sgt. Kevin Cannatella, Sgt. John Clary

---

[7] *Id*
[8] *Heck*, 512 U.S. at 486-487

{00724327 - v1}

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2018, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

         /s/Dennis J. Phayer
Dennis J. Phayer