UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAIR IMANI, et al**<br>           **Plaintiff** | **CIVIL ACTION No.: 3:17-cv-00439** |
| **VERSUS** | **JUDGE: JOHN W. DEGRAVELLES** |
| **CITY OF BATON ROUGE, et al**<br>           **Defendants** | **MAGISTRATE JUDGE:**<br>**ERIN WILDER-DOOMES** |

**<u>MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY</u>**

Defendants, Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish and AIX Group, doing business as Nova Casualty Company, ("Defendants) move this Court to stay all discovery in this case in light of Defendants' pending Motion to Dismiss and in the Alternative Motion to Strike, which includes the assertion Defendants are entitled to qualified immunity, and the Court has not yet determined whether Plaintiff has met the threshold pleading requirement of alleging facts, which, if true would overcome the defense of qualified immunity.

### I.  PROCEDURAL BACKGROUND

On July 9, 2017 Plaintiffs, Victor Onuoha, Akeem Muhammad, Blair Imani, Finn Phoenix, Alisha Feldman, Antonio Castanon Luna, Daniel Liebeskind, Alexus Cheney, Raae Pollard, Cherri Foytlin, Nadia Salazar Sandi, Leah Fishbein, Karen Savage, Samantha Nichols and Tammy Cheney filed a Complaint.[1] On July 21, 2017 Plaintiffs filed a First Amended Complaint.[2] On November 29, 2017, Plaintiffs filed a Motion for Leave to File Second Amended

---

[1] Rec Doc 1
[2] Rec Doc 5.

1

Complaint.[3] Thereafter, this Court granted Plaintiff's Motion for Leave to File Second Amended Complaint[4] which became the operative complaint in this matter.

On February 20, 2018, Defendants filed a Motion to Dismiss and in the Alternative Motion to Strike regarding the claims made against them in Plaintiffs' Second Amended Complaint. Among other things, Defendants' Motion includes arguments based upon Fed. R. Civ. 8(a)(2) which requires a properly pled complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Defendants' Motion asserts Sheriff Gautreaux's qualified immunity as a public official and raises Fed. R. Civ. 12(b)(6). Defendants' Motion is pending.

## II. LAW AND ARGUMENT

Because Sheriff Gautreaux has asserted the defense of qualified immunity in his Motion, all discovery should be stayed until after this Court's consideration of the motion. Qualified immunity protects public officials sued in their individual capacities.[5] "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford."[6] One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim.[7]

Discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts, which, if true, would overcome the defense of qualified immunity."[8] Limited discovery may be allowed on the issue of qualified immunity only after the court makes

---

[3] Rec Doc 51.
[4] Rec Doc 56.
[5] *Turner v. Houma Municipal Fire and Police Civil Service Bd.,* 229 F.3d 478 (5th Cir. 2000).
[6] *Elliot v. Perez,* 751 F. 2d 1472, 1478 (5th Cir. 1985).
[7] *Wicks v. Mississippi State Employee Servs.,* 41 F. 3d 991, 994 (5th Cir. 1995).
[8] *Id.*

two inquiries. First, the court must determine whether "the plaintiff's pleadings assert facts, which, if true, would overcome the defense of qualified immunity."[9]; if the plaintiff's pleadings fail to meet this heightened pleading standard, the court should dismiss the case "before any discovery is allowed."[10] If, however, the plaintiff's pleadings do meet this standard, the court must then determine "whether the immunity defense sufficiently turn[s] on a factual issue requiring discovery."[11] Discovery is not needed to resolve any questions in Defendants' Motion and discovery might well serve as a wasteful distraction from resolution of the straightforward legal issues. *If* the defendants' immunity defense does in fact turn on a factual issue requiring discovery, the court "may then proceed…to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[12] The Fifth Circuit in *Wicks* held that the plaintiffs' allegations of civil rights violations were insufficient to overcome the defense of qualified immunity, and thus any discovery was an improper denial of the benefits of the qualified immunity defense.

As the Court explained in a recent Fifth Circuit case, *Backe v. LeBlanc*[13], "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *After* the district court finds a plaintiff has so pled, *if* the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those

---

[9] *Id.* at 945
[10] *Id.*
[11] *Id.* at 997.
[12] *Id.* at 995.
[13] 691 F. 3d 645, 648 (5th Cir. 2012).

facts needed to rule on the immunity claim."[14]  In *Backe,* the Fifth Circuit held that the district court erred by allowing full discovery prior to ruling on the defendant's motion to dismiss.

Defendants object to any and all discovery in this case until this Court has had the opportunity to determine whether Plaintiffs' pleadings assert facts, which, if true, would overcome the defense of qualified immunity. In any event, the discovery in this case clearly should not be allowed at this time, as Defendants have challenged the adequacy of Plaintiffs' pleadings through their Motion.

Discovery limited to the qualified immunity issue should only take place if the Court finds both Plaintiffs' pleadings have met the heightened pleadings standard and the qualified immunity defense turns on a factual issue requiring discovery. Because Defendants' Motion to Dismiss and in the Alternative Motion to Strike remains pending, the Court has not yet had an opportunity to determine whether it is "unable to rule on the immunity defense without further clarification of the facts" or how a discovery order may "be narrowly tailored to uncover only those facts needed to rule on the immunity claim."[15]  Thus, the decision whether to allow discovery must await assessment of whether Plaintiffs' Second Amended Complaint is sufficient to overcome the assertion of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery. Therefore, this Court should stay all discovery in this case pending determination of the Motion to Dismiss and in the Alternative Motion to Strike.

### III. CONCLUSION

This Honorable Court should grant Defendants' Motion to Stay Discovery in this case because Sheriff Gautreaux is a public official who has asserted the defense of qualified immunity in a Motion which is pending before this Court. No discovery should be allowed until this Court

---

[14] See *Backe* at p. 648 citing *Lion Boulos v. Wilson,* 834 F. 2d 504, 507-508 (5th Cir. 1987).
[15] *Lion Boulos,* 834 F. 2d at 507-08.

reviews Plaintiffs' Second Amended Complaint to determine whether Plaintiffs have met the threshold pleading requirements by alleging facts which, if true, would overcome Defendants' defense of qualified immunity. Therefore, this Court should grant this Motion to Stay Discovery and issue an Order staying discovery while the Motion to Dismiss is pending.

        Respectfully submitted:

        **ERLINGSON BANKS, PLLC**
        *s/Catherine S. St. Pierre*
        MARY G. ERLINGSON (#19562)
        CATHERINE S. ST. PIERRE (#18419)
        TARA L. JOHNSTON (#28100)
        One American Place
        301 Main Street, Suite 2110
        Baton Rouge, Louisiana 70801
        Telephone: (225) 218-4446
        Facsimile: (225) 246-2876

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2018, a copy of the foregoing Memorandum in Support of Motion to Stay Discovery was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to counsel of record.

Baton Rouge, Louisiana, this 20th day of February 2018.

        *s/ Catherine St. Pierre*
        Catherine St. Pierre