UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAIR IMANI, et al** | **CIVIL ACTION No.: 3:17-cv-00439** |
|     **Plaintiffs** | |
| **VERSUS** | **JUDGE: JOHN W. DEGRAVELLES** |
| **CITY OF BATON ROUGE, et al** | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |
|     **Defendants** | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' ATTORNEY HAS NOT VIOALTED THE STAY ORDER**

**MAY IT PLEASE THE COURT:**

Defendant, Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux") and AIX Group, doing business as NOVA CASUALTY COMPANY ("Nova") (sometimes collectively referred to herein as "EBRSO Defendants") filed a motion for order to show cause why Plaintiffs' attorney has not violated the Order staying discover in this case. Sheriff Defendants request that the Court order Plaintiffs' attorney to show why he should not withdraw his public records request or be found in violation of the stay of discovery in this case.

On May 14, 2018 this Honorable Court entered an Order in this case staying all discovery between Plaintiffs and EBRSO Defendants on the basis that the EBRSO Defendants have a motion to dismiss pending in which they asserted qualified immunity as a defense.[1] This Court noted that "[Q]ualified immunity constitutes an 'immunity from suit' rather than a mere defense to liability."[2] This Court then explained that "[o]ne of the most salient benefits of qualified immunity is

---

[1] Rec. Doc. 118
[2] Rec. Doc. 118 page 6 citing *McClendon v. City of Columbia,* 305 F. 3d 314, 323 (5th Cir. 2002)(en banc) (per curiam))

1

protection from pretrial discovery, which is costly, time-consuming, and intrusive."[3] This Court determined: "Here, the District Judge has not yet determined the sufficiency of the allegations in Plaintiffs' complaint. Until that necessary first step occurs, it is premature to consider allowing even limited discovery."[4]

On May 25, 2018 William Most, attorney for Plaintiffs in this matter sent a Public Records Act request pursuant to La. R.S. 44:1, *et seq* to East Baton Rouge Sheriff's Office through its attorney, Rachel Abadie of Erlingson Banks PLLC requesting correspondence, including e-mails that are directly relevant to the Plaintiffs' claims in this case.[5] Specifically, Plaintiff requests the following:

1. Any correspondence, including emails, from, to, or between employees of the East Baton Rouge Sheriff's Office, that include one or more of the following words or phrases:
   - "Alt-right"
   - "Alt right"
   - "Watermelon"
   - "Love your race"
   - "Lynch"
   - "Pepe"
   - "Safari"
   - "Nigger"
   - "Race traitor"
   - "Red pill"
   - "Monkey"
   - "We wuz kangs"
   - "Chimp"
   - "Chimpanzee"
   - "White genocide"

On June 1, 2018 undersigned counsel sent an e-mail to Mr. Most requesting that he withdraw his public records request because it was in violation of the order of this Court staying

---

[3] Rec. Doc. 118 page 6 citing *Backe v. LeBlanc,* 691 F. 3d 645, 648 (5th Cir. 2012)
[4] Rec. Doc. 118 page 10
[5] See Declaration (Exhibit 1) and May 25, 2018 letter from William Most to Rachel Abadie (Exhibit 1-A)

discovery.[6] On June 2, 2018 William Most sent an e-mail to undersigned counsel taking the position that the public records request is not barred by the stay of discovery in this case and refusing to withdraw the public records request.[7] On June 5, 2018 Catherine St. Pierre sent an e-mail to William Most expressing her disagreement with Mr. Most's position that his public records request is not in violation of the Court's stay in the *Imani* case requesting again that he withdraw his public records request.[8] Mr. Most sent an e-mail to Catherine St. Pierre expressing his disagreement on the relevant case law and refusing to withdraw his public records request.[9]

Mr. Most has taken the position that the public records request is not barred by the stay of discovery in this case and has refused to withdraw the public records request.[10] First, Mr. Most claims that the public records request is not relevant to any claim in this case because the request asks for e-mails containing specific white supremacist and racist terminology and Mr. Most asserts that this case has no claim for discrimination on the basis of race.[11] However, Mr. Most's assertion that the public records request is not relevant to the claims in this case is contrary to the allegations in the complaint and other pleadings. For instance, Plaintiffs allege that the Defendants employed *de facto* and explicit policies and practices to suppress Plaintiffs' exercise of their First Amendment rights by engaging in "racist policing."[12] In addition, Plaintiffs assert in their opposition to Sheriff Defendants' motion to dismiss that they are asserting a Section 1985(3) conspiracy claim, which they admit requires a showing of racial animus.[13] Therefore, the public

---

[6] See Declaration (Exhibit 1) and June 1, 2018 e-mail from Catherine St. Pierre to William Most (Exhibit 1-B).
[7] See Declaration (Exhibit 1) and June 2, 2018 e-mail from William Most to Catherine St. Pierre (Exhibit 1-C).
**[8]** See Declaration (Exhibit 1) and June 5, 2018 e-mail from Catherine St. Pierre to William Most (Exhibit 1-D)
[9] See Declaration (Exhibit 1) and June 5, 2018 e-mail from William Most to Catherine St. Pierre (Exhibit 1-E)
[10] See Declaration (Exhibit 1) and June 2, 2018 e-mail from William Most to Catherine St. Pierre (Exhibit 1-C).
**[11]** *Id*
[12] Rec. Doc. 59 ¶ 254(g)
[13] Rec. Doc. 104 page 9

records request is seeking documents and e-mails that are directly relevant to the Plaintiffs' claims in this case and is in violation of the Court's order staying discovery in this case.

Second, Mr. Most asserts that even if the public records request was relevant to the *Imani* case, the case law supports his position that he is not in violation of the Order staying discovery in this case.[14] However, the cases cited by Mr. Most in his e-mail do not address the issue at hand. They do not address whether a party can circumvent a stay of discovery order based on an immunity defense by sending a public records request. In a case directly on point, *Lowe v. New Mexico,* the court addresses this issue and found that the public records request violated the stay of discovery order issued based on an immunity defense raised in a motion to dismiss.[15] In *Lowe* the District Court affirmed the Magistrate's finding of a violation of the stay by plaintiffs' public records request and stated: "the Magistrate Judge found that, even if Plaintiffs would have had the right to the requested materials before filing suit, their attempt to request them after the court issued a stay was a direct violation of the Court's order and constituted an attempt to make an end-run around the discovery stay."[16] The Magistrate Judge noted that in a somewhat analogous situation, Professor Moore, the Dean Emeritus of federal practice condemned this sort of tactic. The court noted that a party sought to obtain documents under a Fed. R. Civ. P. Art. 45 subpoena after production of the documents had been denied the party due to the expiration of the Court-imposed discovery deadline. The court noted that Professor Moore stated this was improper. "[Rule 45] should not be used to obtain pretrial production of documents or things, or inspection of premises from a party in circumvent of discovery rules or orders." Professor Moore notes that when

---

[14] See Declaration (Exhibit 1) and June 2, 2018 e-mail from William Most to Catherine St. Pierre (Exhibit 1-C).

[15] See *Lowe v. New Mexico,* Civ. No. 10-315, 2011 WL 13284675 (D.C. New Mexico 10/03/2011), and 2012 WL 13080158 (D. Ct. New Mexico 3/8/2012) (*overruling Plaintiffs' Renewed Objections to Magistrate Judge's Order Imposing Sanctions*).

[16] *Lowe* 2012 WL 13080158 at page 1

discovery is stayed by a court, a party should not avoid that stay by artful, alternative discovery methods.[17]

Plaintiff cites in his e-mail the Fifth Circuit case, *RSR Corp. v. Brock,* 764 F. 2d 355 (5th Cir. 1985). However, the court in *RSR* does not address the issue at hand: whether a public records request can be used to circumvent a stay order based on qualified immunity. *RSR* involved a request pursuant to 29 C.F.R. Section 1904.7 for a copy of an OSHA form. RSR took the position that because Issac Jackson was a plaintiff in a class action lawsuit, ant the log was potentially useful to him in the private litigation, the access provision of Section 1904.7 did not apply and Jackson could only obtain the log through a discovery request made pursuant to the Federal Rules of Civil Procedure. The Court merely held that Section 1904.7 and the Federal Rules of Civil Procedure are alternative methods of discovering information, each of which was available according to its own terms.

The case that the Court in *RSR* found distinguishable to the facts therein, *U.S. v. Murdock,* 548 F. 2d 599 (5th Cir. 1977) is relevant to this case. The Court in *Murdock* held that "the FOIA was not intended as a device to enlarge the scope of discovery beyond that already provided by the Federal Rules of Criminal Procedure." In the case at hand, Plaintiffs are attempting to enlarge the current scope of discovery by sending a public records act request for documents directly relevant to this case, when discovery is stayed.

In this case, Plaintiffs should not be allowed to circumvent the Order staying discovery by submitting a public records request to Sheriff Gautreaux/the East Baton Rouge Sheriff's Office. The public records request for electronic documents at issue is extremely broad in that it is not limited to certain employees' mailboxes and will entail exporting and searching over 900

---

[17] *Lowe* 2011 WL 13284675 at page 3 citing Moore's Federal Practice, Section 34.02[5][e](3rd Ed. 2009)

mailboxes.[18] This public records request is in violation of one of the most salient benefits of qualified immunity, protection from pre-trial discovery which is costly, time-consuming and intrusive. Sheriff Defendants respectfully request that this Court order Plaintiffs' attorney to show cause why he should not withdraw his public records request or be found in violation of the stay of discovery in this case.

Respectfully Submitted:

*s/ Catherine S. St. Pierre*
MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
TARA L. JOHNSTON (#28100)
**ERLINGSON BANKS, P.L.L.C.**
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70825
(225) 218-4446

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the above and foregoing pleading has been served on counsel for all parties to this proceeding via the court's electronic service this 9th day of July.

*s/ Catherine S. St. Pierre*
*Catherine S. St. Pierre*

---

[18] See Declaration (Exhibit 1)