UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLAIR IMANI, ET AL.

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-439-JWD-EWD

## ORDER

This matter comes before the Court on the *Motion to Dismiss and in the Alternative Motion to Strike* (Doc. 96) by Sheriff Sid Gautreaux and AIX Group, d/b/a Nova Casualty Company ("EBRSO Defendants"). Plaintiffs oppose the motion (Doc. 104), and EBRSO Defendants have filed a reply (Doc. 116). Oral argument was heard today. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the party and is prepared to rule. For oral reasons to be assigned,

**IT IS ORDERED** that EBRSO Defendants' motion is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART.**

**IT IS FURTHER ORDERED** that EBRSO Defendants' motion to strike is **GRANTED IN PART** and **DENIED IN PART** to the same extent as the LSP and City/Parish Defendants' motions to strike (Docs. 64, 68). Further, EBRSO Defendants' motion to strike the operative complaint as an improper shotgun pleading is **DENIED WITHOUT PREJUDICE**

**IT IS FURTHER ORDERED** that the claims asserted against Sheriff Gautreaux in his individual capacity are **DISMISSED IN PART.** Plaintiffs have failed to adequately allege personal participation by Gautreaux in the underlying constitutional violations. However, Plaintiffs have alleged that Gautreaux made a single policy decision which may have been the moving force of a constitutional decision. Accordingly, the Court will **DEFER** ruling on this issue

until limited written discovery is conducted on the narrow issue of whether any EBRSO deputy was involved in the constitutional violations. The Magistrate Judge will determine what limited discovery will be allowed for this issue.

**IT IS FURTHER ORDERED** that, with respect to the claims against Sheriff Gautreaux in his official capacity, the motion is **GRANTED IN PART** and **DEFERRED IN PART.** The motion is **GRANTED** in that (a) Plaintiffs have failed to adequately plead a claim for a custom of unlawful arrest and excessive force, for lack of prior incidents in sufficient number and kind; and (b) Plaintiffs have failed to state a claim for failure to train, supervise, and implement a policy, as Plaintiffs have failed to adequately plead deliberate indifference through either a pattern of similar incidents or the narrow single incident exception. The motion is **DEFERRED** in that, while Plaintiffs have adequately pled a single policy decision that may have been the moving force of constitutional violations and that was made with deliberate indifference, limited discovery is needed to determine if Plaintiffs can plead an underlying constitutional violation by an EBRSO deputy, as outlined above.

**IT IS FURTHER ORDERED** that, with respect to the claims for a conspiracy under § 1983, § 1985(3), and state law, the motion is **GRANTED**. With respect to § 1985(3), while Plaintiffs have adequately pled most of the elements of the claim, Plaintiffs have failed to adequately allege an agreement. Specifically, Plaintiffs provide no information on where the agreement was formed, and they give only few details on the circumstances surrounding the agreement. For the same reason, Plaintiffs fail to state a § 1983 and state law conspiracy claim.

**IT IS FURTHER ORDERED** that, with respect to the state law claims (both those involving Gautreaux's individual liability and vicarious liability), the motion is **DEFERRED** pending the limited discovery outlined above.

**IT IS FURTHER ORDERED** that, to the same extent Plaintiffs' claims were dismissed against the EBRSO Defendants, Plaintiffs' claims against Nova are also dismissed. Qualified immunity is not a "personal," procedural defense within the meaning of Louisiana law but rather a substantive defense that depends on the facts and circumstances of the case.

**IT IS FURTHER ORDERED** that, to the extent the motion is granted, Plaintiffs are given leave to amend their complaint to cure the deficiencies. Plaintiffs must file their next amended complaint within thirty (30) days of the completion of the limited discovery set forth above.

Signed in Baton Rouge, Louisiana, on September 7, 2018.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**