UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| BLAIR IMANI, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 17-cv-00439-JWD-EWD |
| | ) | |
| CITY OF BATON ROUGE, *et al*. | ) | |
| | ) | |
| Defendants, | ) | |

**INTERROGATORIES SUBMITTED TO
SID J. GAUTREAUX, SHERIFF OF EAST BATON ROUGE
PARISH, PURSUANT TO THIS COURT'S DECEMBER 6, 2018 ORDER**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby request that the Sheriff Sid J. Gautreaux, in his official capacity, answer each of the following interrogatories, separately and fully in writing and under oath within sixty (60) days after service.

**INSTRUCTIONS**

1. **Scope.** Unless otherwise specified, the documents and responsive information called for by these discovery requests are documents and information in your possession, custody, or control between 2012 and 2017.

2. **Duty to Supplement.** These interrogatories are ongoing and require periodic and timely supplementation up to and through the completion of the trial in this action. You are requested to promptly provide any additional responsive information obtained or discovered subsequent to the date on which a response is made.

3. **Identifying Individuals.** If you are asked to identify an individual, provide the individual's name, current or last known home address, current or last known work address, current or last

known email address, current or last known phone number, and describe the individual's relationship to the Defendants.

    4. **Identifying Documents.** If you are asked to identify a document, provide the title and date of the document, list all recipients of the document, identify the individual(s) who prepared the document, briefly describe the subject matter of the document, and state the present location of the document and its present custodian. If any such document was, but no longer is, in the possession or subject to the control of you, your attorney, state what disposition was made of it and explain the circumstances surrounding such disposition, and the date or approximate date thereof.

    5. **Identifying Oral Communications.** If you are asked to identify an oral communication, provide the date and location of such communication, what each person said, or, if such cannot be recalled exactly, the substance of what each person said, together with a statement that the exact statements cannot be recalled.

    6. **Privilege Claims.** If an interrogatory calls for a response as to which you claim any privilege or any other ground for withholding information or otherwise failing to respond, set forth each and every fact on which your claim of privilege is based with sufficient specificity to permit the court to make a determination as to whether your claim of privilege is valid, including, but not limited to: (a) the number and particular part of the interrogatory to which the claimed privileged information is responsive; (b) a description of the information or communications; (c) the date and time of the information or communication; (d) the basis upon which the privilege is claimed; and (e) the identity of each person (other than the attorneys representing you in this action) to whom the information or contents of the communication have been disclosed, either orally or by document.

    7. **Scope of Requests.** In responding to these requests, you are required to respond with all information in possession of, available to, or under the control of you or your attorney.

**8. Lost Documents.** If any document required to be produced is no longer in your present possession or control, or is no longer in existence, state whether the document is lost, destroyed, transferred to another location, or otherwise disposed of. Please furnish a list identifying each such document as completely as possible and include the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents were communicated, a summary of the substance of the document, and the date (or approximate date), manner, and reason for the document's disposal or transfer.

**9. Refusals to Produce.** If a refusal to produce a document is based on burdensomeness, state in your refusal the number and nature of documents needed to be searched, the location of the documents, the number of hours and the costs required to conduct the search.

**10. Objections Based on Overbreadth.** If you contend that any request is overly broad, state so along with the basis for your contention, but provide the information that is within the scope you deem appropriate.

**11. Note on Names:** Plaintiff Blair Imani may be identified in documents as "Blair Brown." Plaintiff Finn Phoenix may be identified in documents as "Caitlin Gaffney." Plaintiff Nadia Salazar Sandi may be identified in documents as "Madye Salvar," "Nadye Salva," or "Nadia Salvar." Samantha Nichols may be identified in documents as "Samatha Nichels" or "Samantha Nichels."

## DEFINITIONS

1. The word "any" means one or more.

2. "Communication" means any disclosure, transfer, or exchange of information or opinion, however made. This term includes, but is not limited to, any oral communication, conversation, correspondence, memoranda, reports, telephone calls, records of telephone calls, text messages,

records or minutes of any meetings, e-mails, and all other forms of oral or written expression by which information may be conveyed.

3. "Correspondence" includes emails, letters, text messages, telegrams, mailgrams, telexes, memoranda, and any other documents or form used to make or to record communications.

4. "Document(s)" and "record(s)" include all materials listed in Rule 34(a) of the Federal Rules of Civil Procedure and any drafts or copies thereof, in the possession, custody, or control of you, or your attorney, or known by you, or your attorney, to exist. If a document has been prepared in several copies, or additional copies have been made that are not identical (or no longer identical because of subsequent notation or other modification of any kind whatever, including without limitation notations on the backs of pages thereof), each non-identical copy is a separate document to be identified.

5. The terms "document(s)," "correspondence," and "communications" include all emails, including, but not limited to, those retained in "Sent" or other electronic folders, and those contained in any personal email accounts, such as, but not limited to, Gmail, Yahoo!, or Hotmail.

6. "Concern," "concerning," "relate," "relating," "refer," and "referring" mean concerning, relating to, referring to, recording, regarding, evidencing, containing, setting forth, constituting, establishing, comprising, reflecting, memorializing, showing, disclosing, describing, explaining, summarizing, substantiating, supporting or negating (whether directly or indirectly), identifying, or pertaining to, and other similar words and phrases.

7. "Identify" means answer, state, describe, list, enumerate, describe, and explain, and it shall be defined in the broadest sense.

8. "Including" means "including, but not limited to".

9. "The intersection" means the intersection of France St. and East Blvd. in Baton Rouge, where the protest stopped marching.

10. "Person(s)" means any natural person and any corporation, association, government body or agency, or other business enterprise or legal entity, and means both the singular and plural.

11. "Plaintiffs" refers to any of the named plaintiffs in the above-captioned action, unless otherwise specified.

12. "Policy" and "procedure" refer to both written or informal rules as well as practices, customs, polices, and usages that may not have been officially approved, reduced to writing, or otherwise formalized, but nonetheless constitute a policy, practice, custom, procedure, or usage.

13. The terms, "you", "Sheriff," "Deputy," and "Sheriff's Office," are all used interchangeably herein, and includes employees and officials and any other person that is acting for or ever has acted for or on behalf of the East Baton Rouge Sheriff's Office.

14. The term "protest site" means the area surrounding France St. and East Blvd. in Baton Rouge.

15. "Protesters" here includes protesters, journalists, and legal observers.

16. Any reference to a person "involved" in an arrest refers to actions involving the direct physical arrest of an individual or the act of directing another person (who may or may not be a Sheriff employee) to arrest an individual.

17. The "Second Amended Complaint" refers to Document Number 59, filed on January 2, 2018, in this case.

## INTERROGATORIES

### INTERROGATORY No. 1:

Identify all Sheriff employees involved in the July 10, 2016 arrest of Blair Imani at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraphs 119, 195 and 197 of the Second Amended Complaint and Figure 15, on page 32 and Figure 17 on page 35 of the Second Amended Complaint. In your answer, include a description of their involvement.

### INTERROGATORY No. 2:

Identify all Sheriff employees involved in the July 10, 2016 arrest of Akeem Muhammad at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraphs 119, 195 and 196 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 3:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Raae Pollard at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraphs 119 and 201 of the Second Amended Complaint and Figure 16 on page 34 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 4:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Samantha "Sami" Nichols at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraph 119 and 201, and 204 of the Second Amended Complaint Figure 36 on page 54 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 5:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Tammy Cheney at the corner of East Boulevard and Government Street in Baton Rouge, Louisiana, as referenced in Paragraph 146 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 6:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Alexus Cheney at the corner of East Boulevard and Government Street in Baton Rouge, Louisiana, as referenced in Paragraph 142 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 7:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Victor Onuoha at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraph 119 and Paragraph 212 of the Second Amended Complaint and referenced in Figure 14 on page 31 and Figure 18 on page 36 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 8:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Karen Savage next to the McDonald's at 720 Government Street in Baton Rouge, Louisiana, as referenced in Paragraph 222, including the officer that tightened the ziptie on her hands, as referenced in Paragraph 223. In your answer, include a description of their involvement.

**INTERROGATORY No. 9:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Cherri Foytlin at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraphs 234 and 235, and referenced in Paragraph 119, of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 10:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Alisha Feldman at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraphs 247 and 251, and referenced in Paragraph 119, of the Second Amended Complaint., and Figure 42 on page 66 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 11:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Antonio Castanon Luna at the corner of Government Street and Maximillian Street in Baton Rouge, Louisiana, as referenced in Paragraphs 164 to 166 of the Second Amended Complaint and Figure 24 on page 43 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 12:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Nadia Salazar Sandi at the corner of Government Street and Maximillian Street in Baton Rouge, Louisiana, as referenced in Paragraphs 164 to 166 of the Second Amended Complaint and Figure 24 on page 43 and Figures 25 and 26 on page 44 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 13:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Daniel Liebeskind at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraph 243, and the officer that prevented his friend from contacting his family as refenced in Paragraph 119 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 14:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Finn Phoenix, also known as Caitlin Gaffney, at or near 602 East Blvd. in Baton Rouge, Louisiana as referenced in Paragraphs 247 and 248, and referenced in Paragraph 119, of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 15:**

Identify all Sheriff employees involved in the July 10, 2016 arrest of Leah Fishbein at or near 602 East Blvd. in Baton Rouge, Louisiana, as referenced in Paragraphs 247, 249 and 250,

and referenced in Paragraph 119, of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 16:**

Identify all Sheriff employees involved in the decision not to put seatbelts on various plaintiffs when they were put in a police van, as referenced in Paragraphs 172 and 228 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 17:**

Identify the Sheriff employee referenced in Paragraph 173 of the Second Amended Complaint.

**INTERROGATORY No. 18:**

Identify the Sheriff employee referenced in Paragraph 174 of the Second Amended Complaint, including the identity of the Sheriff employees involved in the decisions to strip search Nadia, require her to remove her bra, give her bra to another woman, not to give her a blanket and to mace a cell adjacent to the cell she was within. In your answer, include a description of their involvement.

**INTERROGATORY No. 19:**

Identify the Sheriff employee referenced in Paragraphs 176 and 177 of the Second Amended Complaint.

**INTERROGATORY No. 20:**

Identify the Doctor(s) referenced in Paragraph 178 of the Second Amended Complaint.

**INTERROGATORY No. 21:**

Identify the Sheriff employees involved in the search of Karen Savage as referenced in Paragraph 229 of the Second Amended Complaint. In your answer, include a description of their involvement.

**INTERROGATORY No. 22:**

Identify the medic referenced in Paragraph 248 of the Second Amended Complaint who told Finn Phoenix, "[W]e don't provide medical care until you are booked, and you haven't been booked yet."

**INTERROGATORY No. 23:**

Identify the Sheriff employee(s) who decided to strip search and house Alexus Cheney in the East Baton Rouge Parish Prison, as referenced in Paragraph 153 of the Second Amended Complaint.

**INTERROGATORY No. 24:**

Identify the Sheriff employee(s) who said, "Everyone's fine" and "I'm not the hospital," in reference to Samantha "Sami" Nichols in the East Baton Rouge Parish Prison, as referenced in Paragraph 205 of the Second Amended Complaint.

**INTERROGATORY No. 25:**

Identify any Sheriff employee(s) who deployed mace, pepper spray, or a similar product in the jail, as described in Paragraphs 153, 174, 229, and 240 of the Second Amendment Complaint.

Plaintiffs, by and through their counsel,

/s/ William Most_____
WILLIAM MOST
La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

*/s/ John Adcock*_____
JOHN ADCOCK
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 70119
T: (504) 233-3125
F: (504) 308-1266
Email: jnadcock@gmail.com

*/s/ Michelle M. Rutherford*___
MICHELLE M. RUTHERFORD
Louisiana Bar No. 34968
3110 Canal St.
New Orleans, LA 70119
T: (415) 794-5639
F: (504) 407-2131
Email: michelle@rfordlaw.com

*Attorneys for Plaintiffs*