UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY TENNART, ET AL.** | CIVIL ACTION |
| VERSUS | NO. 17-179-JWD-EWD |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **MAX GELLER** | CIVIL ACTION |
| VERSUS | NO. 17-324-JWD-EWD |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **NIKOLE SMITH, ET AL.** | CIVIL ACTION |
| VERSUS | NO. 17-436-JWD-EWD |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **SHONTA JACKSON** | CIVIL ACTION |
| VERSUS | NO. 17-438-JWD-EWD |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **BLAIR IMANI, ET AL.** | CIVIL ACTION |
| VERSUS | NO. 17-439-JWD-EWD |
| **CITY OF BATON ROUGE, ET AL.** | |
| | |
| **LISA BATISTE-SWILLEY** | CIVIL ACTION |
| VERSUS | NO. 17-443-JWD-EWD |
| **CITY OF BATON ROUGE, ET AL.** | |

CV10T0:45

## DISCOVERY HEARING CONFERENCE REPORT AND ORDER

A discovery conference was held before Magistrate Judge Erin Wilder-Doomes on January 23, 2019, with the following participants:

**PRESENT:**

**James W. Craig**
**Eric A. Foley**
**Shani M. Moore-O'Neal**
**Mauricio Sierra**
Counsel for plaintiffs,
Leroy Tennart, *et al.,* Nikole Smith, *et al.,* Lisa Batiste-Swilley and Shonta Jackson

**John Adcock**
Counsel for plaintiffs,
Blair Imani, *et al.*

**Catherine St. Pierre**
Counsel for defendants,
Sid J. Gautreaux, III and AIX Group

**Druit G. Gremillion, Jr.**
**Cullen J. Dupuy**
Counsel for Livingston Parish Sherriff's Office defendants

**John K. Etter**
Counsel for plaintiff
Max Geller

**Candance Ford**
Counsel for defendants,
City of Baton Rouge, *et al.*

**Erika M. Cunningham**
Counsel for Louisiana State Police defendants[1]

**Craig E. Frosch**
Counsel for Louisiana Sheriffs' Association defendants

On December 4, 2018, the undersigned ordered the parties in each of the above-captioned cases to jointly submit proposed written discovery requests limited to information necessary to resolve the issues deferred in the pending Motions to Dismiss.[2]  On January 23, 2019, the parties

---

[1] Kathy D. Williams was also present on behalf of the Louisiana State Police.  It does not appear that Ms. Williams has formally enrolled in any of the above-captioned matters.

[2] *Tennart, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-179-JWD-EWD ("*Tennart*"), R. Doc. 190; *Geller v. City of Baton Rouge, et al.*, Civil Action No. 17-324-JWD-EWD ("*Geller*"), R. Doc. 115; *Nikole Smith, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-436-JWD-EWD ("*Smith*"), R. Doc. 126; *Shonta Jackson, o/b/o her minor daughter, A.R. v. City of Baton Rouge, et al.*, Civil Action No. 17-438-JWD-EWD ("*Jackson*"), R. Doc. 71; *Imani, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-439-JWD-EWD ("*Imani*"), R. Doc. 148; *Batiste-Swilley v. City of Baton Rouge, et al.*, Civil Action No. 17-443-JWD-EWD ("*Batiste-Swilley*"), R. Doc. 124.

discussed the various submissions regarding proposed discovery,[3] and the undersigned provided guidance regarding the scope of discovery that would be allowed at this stage of these proceedings.

The undersigned explained that the primary focus of the written discovery at this juncture is to identify which individual officers were involved in the arrests of particular plaintiffs (or, in the case of Ms. Batiste-Swilley, the entry onto plaintiff's property). The parties discussed the scope of what constitutes "involvement" in an arrest, including whether information regarding who was supervising or giving orders to individual defendants and who was involved in booking or transporting individual plaintiffs would be included within that scope. The parties also discussed the scope of discovery related to "failure to intervene" claims and alleged incidents taking place once a plaintiff had been transported to jail. Additionally, the parties discussed the geographical locations of particular arrests or entry onto property, and methods by which the geographical area of each underlying incident could be appropriately narrowed in the revised discovery requests. The parties also discussed limiting an individual defendant's review of photos or videos to only those images showing the particular arrest or entry onto property and the use of cross identification techniques.

The undersigned explained that each individual defendant responding to discovery would, in keeping with the Federal Rules of Civil Procedure, be required to verify their responses to the as-revised written discovery requests. The parties were strongly encouraged to confer regarding revising the written discovery requests and were instructed to contact the undersigned should they reach an impasse regarding the revisions. The undersigned stressed that this written discovery may be the first step in this discovery process and that, to the extent individual defendants do not

---

[3] *Tennart*, R. Doc. 197; *Geller*, R. Docs. 120 & 123; *Smith*, R. Doc. 129; *Jackson*, R. Doc. 74; *Imani*, R. Doc. 155; *Batiste-Swilley*, R. Doc. 127.

provide sufficiently detailed responses, the undersigned might consider future requests for additional discovery. The undersigned instructed the parties to confer in good faith to revise the discovery requests, and that once propounded, defendants would have ninety (90) days to respond to the discovery requests. Finally, although settlement was not specifically discussed during the January 23, 2019 conference, should all parties in a particular case agree, a settlement conference can be scheduled by contacting chambers at (225) 389-3584.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall jointly revise plaintiffs' written discovery requests in keeping with the parties' January 23, 2019 discussion.

**IT IS FURTHER ORDERED** that defendants shall have ninety (90) days from service of the revised discovery requests to provide responses.

**IT IS FURTHER ORDERED** that each individual defendant responding to the written discovery requests shall verify his or her responses.

**IT IS FURTHER ORDERED**, that to the extent all parties in a particular case agree, they shall contact the undersigned's chambers at (225) 389-3584 to schedule a settlement conference.

Signed in Baton Rouge, Louisiana, on January 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

CV10T0:45