## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**LEROY TENNART, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                             **NO. 17-179-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**


**MAX GELLER**                                         **CIVIL ACTION**

**VERSUS**                                             **NO. 17-324-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**


**NIKOLE SMITH, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                             **NO. 17-436-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**


**SHONTA JACKSON**                                     **CIVIL ACTION**

**VERSUS**                                             **NO. 17-438-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**


**BLAIR IMANI, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                             **NO. 17-439-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**


**LISA BATISTE-SWILLEY**                               **CIVIL ACTION**

**VERSUS**                                             **NO. 17-443-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**

## ORDER SETTING STATUS CONFERENCE

On January 23, 2019, counsel for the parties participated in a discovery conference before Magistrate Judge Erin Wilder-Doomes to discuss the scope of discovery that would be allowed at this stage of these proceedings.[1] Prior to the conference, the parties submitted proposed written discovery requests[2] limited to information necessary to resolve the issues deferred in the pending Motions to Dismiss.[3] Since the January 23, 2019 conference, plaintiffs in certain of the above-captioned actions[4] have asserted that they need additional discovery to respond to Motions for Summary Judgment filed by certain Louisiana State Police ("LSP") troopers in the *Tennart*,[5]

---

[1] *See*, *Tennart v. City of Baton Rouge, et al.*, No. 17-cv-179-JWD-EWD ("*Tennart*"), R. Docs. 198 & 199.

[2] *Tennart*, R. Doc. 197; *Geller v. City of Baton Rouge, et al.*, Civil Action No. 17-324-JWD-EWD ("*Geller*"), R. Docs. 120 & 123; *Nikole Smith, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-436-JWD-EWD ("*Smith*"), R. Doc. 129; *Shonta Jackson, o/b/o her minor daughter, A.R. v. City of Baton Rouge, et al.*, Civil Action No. 17-438-JWD-EWD ("*Jackson*"), R. Doc. 74; *Imani, et al. v. City of Baton Rouge, et al.*, Civil Action No. 17-439-JWD-EWD ("*Imani*"), R. Doc. 155; *Batiste-Swilley v. City of Baton Rouge, et al.*, Civil Action No. 17-443-JWD-EWD ("*Batiste-Swilley*"), R. Doc. 127.

[3] *Tennart*, R. Doc. 190; *Geller*, R. Doc. 115; *Smith*, R. Doc. 126; *Jackson*, R. Doc. 71; *Imani*, R. Doc. 148; *Batiste-Swilley*, R. Doc. 124.

[4] Based on the Court's review of the dockets, it does not appear that plaintiffs in *Geller* or *Jackson* have asserted the need for additional discovery.

[5] In *Tennart*, this Court stayed discovery, with the exception of written discovery between Plaintiffs and parties other than the East Baton Rouge Sheriff's Office ("EBRSO") Defendants and the Livingston Parish Sheriff's Office ("LPSO") Defendants pending resolution of the issues raised in the Motions to Dismiss. *Tennart*, R. Doc. 162. Following the January 23, 2019 conference, certain Louisiana State Police ("LSP") troopers moved for summary judgment. *Tennart*, R. Doc. 205. In opposition to the Motion for Summary Judgment, Plaintiffs argue, *inter alia*, that "Plaintiffs have not had the opportunity to fully contest LSP Movants' assertions through depositions, nor have Plaintiffs had sufficient opportunity to propound discovery." *Tennart*, R. Doc. 211, p. 12.

*Smith*,[6] and *Batiste-Swilley*,[7] as well as a Motion to Dismiss filed by EBRSO Defendants[8] in *Imani*.[9]

**IT IS HEREBY ORDERED** that a status conference is **SET** for **Wednesday, August 7, 2019 at 2:00 p.m.** before the undersigned Magistrate Judge at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom Number 5, in Baton Rouge, Louisiana to discuss the status of discovery.

Signed in Baton Rouge, Louisiana, on July 26, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] In *Smith*, this Court stayed discovery, with the exception of written discovery between Plaintiffs and defendants other that the EBRSO Defendants and the LPSO Defendants pending resolution of the issues raised in the Motion to Dismiss. *Smith*, R. Doc. 109. Following the January 23, 2019 conference, certain Louisiana State Police ("LSP") troopers moved for summary judgment. *Smith*, R. Doc. 142. In opposition to the Motion for Summary Judgment, Plaintiffs argue, *inter alia*, that "Plaintiffs have not had the opportunity to fully contest LSP Movants' assertions through depositions, nor have Plaintiffs had sufficient opportunity to propound discovery." *Smith*, R. Doc. 148, p. 11.

[7] In *Batiste-Swilley*, this Court stayed discovery, with the exception of written discovery between Plaintiff and defendants other than the EBRSO Defendants and the LPSO Defendants pending resolution of the issues raised in the Motions to Dismiss. *Batiste-Swilley*, R. Doc. 104. Following the January 23, 2091 conference, certain Louisiana State Police ("LSP") troopers moved for summary judgment. *Batiste-Swilley*, R. Doc. 134. In opposition to the Motion for Summary Judgment, Plaintiff argues, *inter alia*, that "Plaintiff has not had the opportunity to fully contest the Defendants' assertions through depositions, nor has Plaintiff had sufficient opportunity to propound discovery." *Batiste-Swilley*, R. Doc. 142, p. 10.

[8] The Court notes that the "EBRSO Defendants" as a collective term may vary as between the above-captioned actions to the extent, for example, that individual officers are named as defendants.

[9] In *Imani*, this Court stayed discovery, with the exception of written discovery between Plaintiffs and defendants other than the EBRSO Defendants pending resolution of the issues raised in the Motion to Dismiss. *Imani*, R. Doc. 118. Following the January 23, 2019 conference, the EBRSO Defendants filed a Motion to Dismiss. *Imani*, R. Doc. 164. In opposition to the Motion to Dismiss, Plaintiffs argue that the EBRSO Defendants' "Motion is premature as discovery is still ongoing and Plaintiffs are seeking further discovery from all Defendants for other evidence of which officers failed to intervene and prevent Plaintiffs' unconstitutional arrests. Not until this and any other relevant discovery is completed, does Plaintiffs' 30-day clock start. Defendants' Motion should be dismissed and Plaintiffs should be allowed to complete discovery into whether individual officers failed to intervene." *Imani*, R. Doc. 168, p. 2.