UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAIR IMANI, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 17-CV-439-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL** | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO SECOND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come defendants, City of Baton Rouge/Parish of East Baton Rouge, ex-Mayor Melvin Lee "Kip" Holden, and ex-Baton Rouge City Police Chief, Carl Dabadie, Jr., in his individual capacity, Baton Rouge City Chief of Police in his official capacity (previously Carl Dabadie, Jr., currently interim Jonathan Dunnam), Alex Bell, Darren Hunt, Earl Lapeyrouse, Jonathon Abadie, Taylor Giroir, Derrick Williams, Keith Wilson, Travis Norman, Earnest Jones, Kenny Brewer, William Alexander, James Thomas, Kirk Grover (improperly named "Kirk Glover"), Willie Williams, Jason Dohm, Reab Simoneaux, Jr., Alaina Mancuso, Jeff Pittman, Richard McCloskey, Billy Walker, and Curtis Wilson, Alan Hamilton, Brandon Blust, James Crockett, Randall Wiedeman, David Wallace, Mike Walker, Christopher Bryan Taylor and Myron Daniels (hereinafter referred to as "City/Parish Defendants") who, for response to plaintiffs' Second Amended Complaint denies each and every allegation contained therein except those that may be hereinafter admitted as follows:

**FIRST DEFENSE - FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs' complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendants violated any of plaintiffs' civil rights under the United States Constitution, or applicable federal law.

1

A violation of plaintiffs' state created civil rights or liberties does not state a claim upon which relief can be granted by this Court.

**SECOND DEFENSE - NO CONSTITUTIONAL DEPRIVATION OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW.**

Defendants did not deprive plaintiffs of any vested liberty or property interests in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs received all the process that was due under the Constitution of the United States.

**THIRD DEFENSE - NO FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION**

Defendants did not use any force which was unnecessary or excessive under the circumstances or which rises to the level of a constitutional violation.

In the alternative, if force was used against plaintiffs, then the only force used was that force reasonably necessary for defendants to bring plaintiffs under control in order to protect the life and safety of plaintiffs, and all others present and to maintain the security of the situation. It did not constitute any unnecessary and wanton infliction of pain.

**FOURTH DEFENSE - ABSOLUTE AND/OR QUALIFIED IMMUNITY**

In the alternative, if any defendants are found by the Court to have violated plaintiffs' civil rights, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and police department rules and regulations. Defendant's conduct did not violate any clearly established constitutional or statutory rights of plaintiffs of which a reasonable person would have known. Said defendants further show that their beliefs in the lawfulness of their actions was a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 USC 1983. Further, defendants are entitled to statutory immunity pursuant to La. R.S. 9:2798.1.

**FIFTH DEFENSE - COMPARATIVE FAULT**

In the alternative, if any defendant is found to have violated plaintiffs' rights and is not entitled to the defense of qualified immunity, then plaintiffs through intentional or negligent acts and failure to act as a reasonable person, contributed to their own injuries or damages.

**SIXTH DEFENSE - FAILURE TO MITIGATE DAMAGES**

The plaintiffs have failed to mitigate their damages.

**SEVENTH DEFENSE - DENIAL OF RELIEF PRAYED FOR**

Plaintiffs are not entitled to injunctive, declaratory, or monetary relief.

Plaintiffs are not entitled to attorney fees under 42 U.S.C. 1988.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs have failed to join any necessary, required, or indispensable parties.

**NINTH DEFENSE**

Defendants reserve the right to amend this Answer and Affirmative Defenses to assert any additional defenses identified in the course of its investigation, discovery, or preparation for trial, as such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

**TENTH DEFENSE**

Defendants affirmatively plead the collective knowledge doctrine, or "fellow officer" rule.

**IN FURTHER ANSWER:**

And now, responding to the individually numbered paragraphs of Plaintiffs' Second Amended Complaint, City/Parish Defendants respond as follows:

**I.    INTRODUCTION**

The allegations of paragraph 1 are admitted.

The allegations of paragraph 2-10 are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraphs 11 are denied as written.

The allegations of paragraph 12 are denied as calling for a legal conclusion.

The allegations of paragraphs 13-16 are denied as written.

**II.    JURISDICTION AND VENUE**

The allegations of paragraphs 17 are denied as calling for legal conclusions, however the allegations concerning this Court's jurisdiction are admitted.

The allegations of 18 are denied as calling for legal conclusions.

The allegations of paragraphs 19 are denied as calling for legal conclusions, however the allegations concerning this Court's venue are admitted.

**III.    PARTIES**

    **A.  Plaintiffs**

The allegations of paragraphs 20-34 for lack of sufficient information to justify a belief therein.

    **B. Defendants**

The allegations of paragraph of "Table 2: Summary of Defendant Information" appears to be a summary of the allegations in paragraphs 35-60 and therefore do not require an answer by the Defendants. To the Extent an answer is required, the allegations of Table for lack of sufficient information to justify a belief therein.

The allegations of paragraphs 35-37 require no answer by the defendants, however in the event an answer is requested, the named defendants hereby admit their name and status only as a defendant in the above captioned lawsuit. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraphs 39-40 require no answer by the defendants, however in the event an answer is requested, the named defendants hereby admit their name and status only as a defendant in the above captioned lawsuit. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraphs 41-43 do not require an answer from the defendants.

The allegations of paragraphs 44-52 require no answer by the defendants, however in the event an answer is requested, the named defendants hereby admit their name and status only as a defendant in the above captioned lawsuit. The remaining allegations are denied as written.

The allegations of paragraphs 53-56(a)-(d) do not require an answer from the defendants.

The allegations of paragraph 57 are denied.

The allegations of paragraphs 58-59 do not require an answer from the defendants.

The allegations of paragraph 60 are denied.

## IV. STATEMENT OF FACTS

### A. Brief History of Defendants' Law Enforcement Misconduct

The allegations of paragraph 61 are denied.

The allegations of paragraphs 62-76 are denied for lack of sufficient information.

The allegations of paragraphs 77-80 do not require an answer from the defendants.

**BRPD Shot and Killed Alton Sterling, the Community Began to Make Its Voice Heard and Law Enforcement Implemented a Plan to Silence Them**

The allegations of paragraphs 81-82 are admitted.

5

There is no paragraph 83.

The allegations of paragraphs 84-86 are denied as written.

The allegations of paragraphs 87-92 are denied for lack of sufficient information to justify a belief therein.

### Plaintiffs Were Arrested at the Peaceful Protest at France Blvd. and East Street, Even Though They Continuously Complied with Law Enforcement

The allegations of paragraphs 93-102 are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraphs 103 are denied as written.

The allegations of paragraphs 104-121 are denied for lack of sufficient information to justify a belief therein.

### Defendants Used Violence on the Protestors and Press

The allegations of paragraphs 122-132 are denied as written.

### The Arrest of Tammy and Alexus: A Family Torn Apart

The allegations of paragraphs 133-159 are denied for lack of sufficient information to justify a belief therein.

### The Take-Down of Antonio and Nadia

The allegations of paragraphs 160-179 are denied for lack of sufficient information to justify a belief therein.

### Plaintiffs Were Arrested with Perjurious Affidavits of Probable Cause That are Facially False and Contradictory

The allegations of paragraphs 180-183 are denied as written.

### The Aftermath

The allegations of paragraphs 184-193 are denied for lack of sufficient information to justify a belief therein.

### Plaintiff-Specific Facts

The allegations of paragraphs 194-252 are denied for lack of sufficient information to justify a belief therein.

### The Municipal Policies and Practices of the City/Parish, the Baton Rouge Police Department and the East Baton Rouge Sheriff's Office Caused the Violations of Plaintiff's Constitutional Rights

The allegations of paragraphs 253-257 are denied.

## V. CAUSES OF ACTION

### One – Violation of First Amendment Rights to Speech and Assembly
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 258, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-257.

The allegations of paragraph 259 are denied as calling for a legal conclusion.

The allegations of paragraphs 260-261 are denied.

The allegations of paragraph 262 are denied as calling for a legal conclusion.

The allegations of paragraphs 263-264 are denied for lack of sufficient information to justify a belief therein.

### Two – Violation of First Amendment Freedom of Press
### (Plaintiffs Karen Savage and Cheryl Foytlin Against All Defendants)

In response to the allegations of paragraph 265, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-264.

The allegations of paragraph 266-268 are denied.

The allegations of paragraph 269 are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraph 270 are denied.

### Three – First Amendment Retaliation
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 271, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-270.

The allegations of paragraph 272 are denied as written.

The allegations of paragraphs 273 are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraphs 274 are denied for lack of sufficient information to justify a belief therein.

The allegations of paragraph 275 are denied as written.

### Four – False Arrest and Imprisonment
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 276, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-275.

The allegations of paragraphs 277-281 are denied.

### Five – Violation of Fourth Amendment Rights to be Free from Unlawful Search and Seizure
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 282, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-281.

The allegations of paragraph 283 are denied as calling for a legal conclusion.

The allegations of paragraphs 284-287 are denied.

### Six – Excessive Force
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 288, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-287.

The allegations of paragraphs 289-290 are denied.

The allegations of paragraphs 291-295 are denied for lack of sufficient information to justify a belief therein.

### Seven – Failure to Intervene
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 296, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-295.

The allegations of paragraphs 297-300 are denied.

### Eight – Civil Conspiracy to Violate Civil Rights
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 301, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-300.

The allegations of paragraphs 302-306 are denied.

### Nine – *Monell* Claim
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 307, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-306.

The allegations of paragraphs 308-315 are denied.

### Ten – Violation of the Louisiana Constitution
### (All Plaintiffs against All Defendants)

In response to the allegations of paragraph 316, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-315.

The allegations of paragraph 317 are denied.

> **Eleven – Intentional and Negligent State Torts – Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Assault, Battery, False Imprisonment, Malicious Prosecution and Negligence**
> **(All Plaintiffs against All Defendants)**

In response to the allegations of paragraph 318, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-317.

The allegations of paragraphs 319-322 are denied.

> **Twelve – Vicarious Liability**
> **(All Plaintiffs against All Supervisory Defendants)**

In response to the allegations of paragraph 323, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-322.

The allegations of paragraph 324 are denied.

> **Thirteen – Indemnity**
> **(All Plaintiffs Against All Agency Defendants)**

In response to the allegations of paragraph 325, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-324.

The allegations of paragraph 326 are denied as calling for a legal conclusion.

The allegations of paragraphs 327-328 are denied.

> **Fourteen – State Law Direct Action Claim**
> **(Against Defendant Insurance Companies)**

In response to the allegations of paragraph 329, defendants reassert, reaver, and reiterate, as if copied *in extenso*, their responses to paragraphs 1-328.

The allegations of paragraph 330 are denied for lack of sufficient information.

The allegations of paragraphs 331-333 are denied.

## VI. PRAYER FOR RELIEF

### JURY TRIAL REQUEST

Defendants are entitled to and hereby continue to request jury trial on all issues.

**WHEREFORE**, defendants, City of Baton Rouge/Parish of East Baton Rouge, ex-Mayor Melvin Lee "Kip" Holden, and ex-Baton Rouge City Police Chief, Carl Dabadie, Jr., in his individual capacity, Baton Rouge City Chief of Police in his official capacity (previously Carl Dabadie, Jr., currently interim Jonathan Dunnam), Alex Bell, Darren Hunt, Earl Lapeyrouse, Jonathon Abadie, Taylor Giroir, Derrick Williams, Keith Wilson, Travis Norman, Earnest Jones, Kenny Brewer, William Alexander, James Thomas, Kirk Grover (improperly named "Kirk Glover"), Willie Williams, Jason Dohm, Reab Simoneaux, Jr., Alaina Mancuso, Jeff Pittman, Richard McCloskey, Billy Walker, and Curtis Wilson, Alan Hamilton, Brandon Blust, James Crockett, Randall Wiedeman, David Wallace, Mike Walker, Christopher Bryan Taylor and Myron Daniels (hereinafter referred to as "City/Parish Defendants") who, pray that their answer and defenses to Plaintiffs' Second Amended Complaint be deemed good and sufficient and that after all legal delays and due proceedings are had there by judgment rendered in their favor, dismissing plaintiffs' Second Amended Complaint with prejudice, at plaintiffs' cost, for trial by jury, and for all general and equitable relief.

*[SIGNATURE PAGE TO FOLLOW]*

**RESPECTFULLY SUBMITTED:**

**ANDERSON O. "ANDY" DOTSON**
**PARISH ATTORNEY**

**/s/ Deelee S. Morris**
**Deelee S. Morris (#28775)**
**Assistant Parish Attorney**
**A. Gregory Rome (#21062)**
**Director of Litigation/Risk Management**
222 St. Louis Street, 9th Floor
Baton Rouge, LA 70821
(225) 389-3114 - Telephone
(225) 389-8736 – Facsimile
Email:  DSMorris@brla.gov
Email: grome@brla.gov

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**BLAIR IMANI, ET AL**               **CIVIL ACTION**

**VERSUS**                                **NO.: 17-CV-439-JWD-EWD**

**CITY OF BATON ROUGE, ET AL**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE

I hereby certify that a copy of the foregoing Answer to Plaintiffs' Second Amended Complaint was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this **30th** day of **January, 2020**.


                              **/s/ Deelee S. Morris**
                              **DEELEE S. MORRIS**