**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| BLAIR IMANI, *et al.* )<br>　　　　　　　　　　　　)<br>　　　　　　Plaintiffs, )<br>　v.　　　　　　　　　　 )<br>　　　　　　　　　　　　)<br>CITY OF BATON ROUGE, *et al.* )<br>　　　　　　　　　　　　)<br>　　　　　　Defendants. )<br>　　　　　　　　　　　　) | Docket No. 17-cv-00439-JWD-EWD |

**NOTICE OF DEPOSITION**

**TO:**　City of Baton Rouge
　　　　Via Deelee Morris

The deposition shall take place on [DATE] at [TIME] via video conference.

Pursuant to Fed. R. Civ. P. 30(b)(6), the City of Baton Rouge shall designate one or more officers, officials, directors, managing agents, employees, or other persons who consent to testify on its behalf, setting forth in its designation, for each person designated, the matters on which the person will testify on the topics identified below.

**Deposition Topics:**

1. The employee record of any named defendant employed by the City of Baton Rouge at any point relevant to this litigation, including work history, disciplinary record, reprimands, training history, etc.

2. Any training provided to any City of Baton Rouge employee, officer, deputy, or other agent regarding any of the following topics:

　　　　a.　Use of force;

　　　　b.　Bias;

　　　　c.　Discrimination;

1

      d.      Arrest procedures;

      e.      Arrest processing;

      f.      Crowd control;

      g.      Affidavits of probable cause;

      h.      Passive resistance;

      i.      Probable cause;

      j.      Professional conduct;

      k.      First aid or other medical training;

      l.      First Amendment rights;

      m.      Use of deadly weapons;

      n.      Use of bearcats and other vehicles primarily deployed for crowd control;

      o.      De-escalation tactics;

      p.      Peaceful versus non-peaceful protests

      q.      Searches and seizures, including searches and seizures of vehicles;

3.      Policies and procedures regarding any of the following topics:

      a.      Use of force;

      b.      Bias;

      c.      Discrimination;

      d.      Arrest procedures;

      e.      Arrest processing;

      f.      Crowd control;

      g.      Affidavits of probable cause;

      h.      Passive resistance;

      i.      Probable cause;

      j.      Professional conduct;

      k.      First aid or other medical training;

      l.      First Amendment rights;

      m.      Use of deadly weapons;

      n.      Use of bearcats and other vehicles primarily deployed for crowd control;

      o.      De-escalation tactics;

      p.      Peaceful versus non-peaceful protests

      q.      Searches and seizures, including searches and seizures of vehicles;

4. The following specific Baton Rouge Police Department policies and orders:

      a.      General Order No. 108;

      b.      General Order No. 112;

      c.      General Order No. 131;

      d.      General Order No. 132;

      e.      General Order No. 134;

      f.      General Order No. 135;

      g.      General Order No. 135.1;

      h.      General Order No. 135.2;

      i.      General Order No. 209;

      j.      General Order No. 502/06-2;

5. The basis for City of Baton Rouge's responses and supplemental responses to Plaintiffs' discovery requests.

6. Any document produced by City of Baton Rouge in this litigation.

7. Any discipline of any employee, officer, deputy, or other agent related to the events at issue in this litigation.

8. The procedure for processing arrests, both in mass arrest and single arrest scenarios.

9. Any policies or procedures related to identifying individual threats in a crowd.

10. The Baton Rouge Police Department's organizational chart and structure, including which individuals have decisionmaking authority.

11. All aspects of the planning and preparation that occurred within the Baton Rouge Police Department to respond to the likely protests.

12. All aspects of the planning and preparation that occurred between the Baton Rouge Police Department and any other law enforcement organization to respond to the likely protests, including the date, attendance, and content of any meetings held.

13. Previous lawsuits filed against the Baton Rouge Police Department for uses of force and unconstitutional arrests, generally.

14. Crowd control tactics used at the July 10, 2016, protests.

15. Baton Rouge Police Department command structure for the July 10, 2016, protests.

16. Command structure for July 10, 2016, protests between various law enforcement agencies.

17. Radio or other communications used between law enforcement at the July 10, 2016, protests.

18. Any reports of violence against law enforcement at the July 10, 2016, protests should they exist.

19. Any reports of protesters attempting to enter the interstate, should they exist.

20. Acquisition and deployment of bearcat vehicles, or other vehicles used on July 10, 2016, for the purposes of crowd control.

21. Acquisition and deployment of any Long-Range Acoustic Device (LRAD) at the July 10, 2016, protests.

22. Identification of named Defendants in video, photos, and other documents produced in this litigation.

23. Identification of individuals who gave any orders to law enforcement during the July 10, 2016, protests.

24. Identification of individuals who gave any orders to protesters during the July 10, 2016, protests.

25. The arrest and processing of each Plaintiff.

26. Justification for arresting each Plaintiff.

27. The events that led to identifying and arresting Antonio Castanon Luna.

28. Equipment used by Baton Rouge Police Department officers on July 10, 2016, including shields, batons, helmets, etc.

29. The process used on July 10, 2016, for completing and signing affidavits of probable cause.

30. Factors and circumstances used to determine whether and when the July 10, 2016, were peaceful or not peaceful.

31. Any illegal activity alleged to have been committed by Plaintiffs.

32. Any illegal activity alleged to have been committed by any protester on July 10, 2016.

33. Communications, whether internal or external, related to the July 10, 2016, protests.

34. Press releases or other statements to the press by anyone acting on behalf of the Baton Rouge Police Department regarding the July 10, 2016, protests.

35. Use of drones by any Baton Rouge Police Department officer, deputy, or agent, or anyone acting on behalf of the Baton Rouge Police Department on July 10, 2016.

36. July 10, 2016, incident reports referencing any named Plaintiff or Defendant.

37. Any evidence that Plaintiffs did not comply with police orders.

38. How Defendants expected Plaintiffs to comply with orders to leave the area, while also complying with orders to that they "cannot leave. If you try to step into the street, we will arrest you."

39. Any evidence that this was not a peaceful protest.

40. The process used for preparing the affidavits of probable cause for Plaintiffs.

41. Any justification for entering private property to effect arrests.