**Office of the Parish Attorney**



City of Baton Rouge
Parish of East Baton Rouge

222 St. Louis Street
Post Office Box 1471
Baton Rouge, Louisiana
70821

225/389-3114
225/389-5554 (Fax)

*WRITER'S E-MAIL ADDRESS: jkscott@brgov.com*

February 19, 2021

<u>Via Email:</u>
Mr. David Lanser
Law Offices of William Most
201 St. Charles Ave., Ste. 114, #101
New Orleans, LA 70170
Via email: david.lanser@gmail.com

   RE: Imani v. City of Baton Rouge, Docket 17-CV-00439-JWD-EWD
      United States District Court, Middle District of Louisiana

Dear Mr. Lanser:

   I have reviewed your email correspondence of January 25 and February 2, 2021, regarding requested depositions in regards to this suit. I am writing to express my concerns informally, rather than proceeding directly to limit discovery, in the hopes of an amiable resolution.

   First, I would suggest that you have yet to request leave of court to exceed the ten (10) deposition limitation of Fed. R. Civ. Pro. 30(a)(2). The City would oppose such a request, as I count twenty requests for depositions of officers with a median loss of work time of 38 hours,[1] and a half-day deposition of former Chief Dabadie.

   Second, the proposed 30(b)(6) deposition, and its topics, have issues of scope, proportionality, duplicative requests, privilege, and vague or unclear requests. I have prepared a list of concerns regarding the deposition topics, as follows:

   Topic 1, "The employee record of any named defendant employed by the City of Baton Rouge at any point relevant to this litigation, including work history, disciplinary record, reprimands, training history, etc." Please define or propose the relevant period for purposes of discussion, as the phrasing here appears overly broad. Likewise, the City/Parish has statutory limitations on disclosure of employment records of public employees which it cannot ignore.[2]

---

[1] The median is derived by adding the minimum time to the maximum time and dividing by two, multiplied by the number of officers.

[2] See, for example, La. R.S. 44:1, et seq, La. R.S. 44:11, La. R.S. 40:2532, *City of Baton Rouge/Par. of E. Baton Rouge v. Capital City Press, L.L.C.,* 7 So. 3d 21, writ denied sub nom. 2009-0422 (La. 5/15/09), 8 So. 3d 582, and writ denied sub nom. 2009-0530 (La. 5/15/09), 8 So. 3d 583, and writ denied sub nom. 2009-0581 (La. 5/15/09), 8 So. 3d 584, and writ denied sub nom. 2009-0587 (La. 5/15/09), 8 So. 3d 585.

February 19, 2021
Mr. David Lanser
Re: Imani v. City of Baton Rouge
Page 2

Topics 2 (Any training provided to any City of Baton Rouge employee, officer, deputy, or other agent regarding any of the following topics a-q) and 3 (Policies and procedures regarding any of the following topics a-q), where sub-topics a-q are identical, appear to be duplicative. This may just be me, not understanding the difference between the questions, but the overlap between policies and procedures, which drive the training, seem significant. Likewise, to the extent that Topic 1 already requests "training history" for any named defendant, Topic 2 (and perhaps 3) are duplicative. I further must question subtopic q, "Searches and seizures, including **searches and seizures of vehicles."** I have reviewed the complaint(s) filed in this matter, and have found nothing alleging searches or seizures of vehicles as to these plaintiffs. There is an allegation of unrelated improper police searches of vehicles, without reference to dates or cause, which appears to be a conclusory allegation of generalized police misconduct, and if that is the basis for this request, I will seek a protective order to preclude what appears to be an irrelevant fishing expedition.

Topic 5, "The basis for City of Baton Rouge's responses and supplemental responses to Plaintiffs' discovery requests," appears to be addressed to the attorneys and legal staff who prepare the formal responses, and therefore is requesting work product. To the extent that plaintiffs desire to depose the individual defendants about the facts underlying the City's responses to discovery, that is their right, as set forth in the rules, but asking about the legal basis for responses is clearly privileged, and outside of the scope of Rule 26.[3] Without further clarification, the requested topic also appears to run afoul of statutory limitations on disclosure of public documents, as set forth in La. R.S. 44:4(15).

The same objections, work-product privilege and statutory limitations, appears to apply to Topic 6, "Any document produced by City of Baton Rouge in this litigation." Individual named defendants may have authored documents, but as is the case with many large bureaucracies, documents are produced incrementally, over time, and by committees. If you could, perhaps, clarify what it is that you seek to discover through Topic 6, some compromise might be possible.

Topic 7, "Any discipline of any employee, officer, deputy, or other agent related to the events at issue in this litigation," suffers from a lack of time frame, and duplicates the request made in Topic 1 "The employee record of any named defendant employed by the City of Baton Rouge at any point relevant to this litigation, including . . . disciplinary record, reprimands." Again, the statutory restrictions on disclosure of employment records of public employees is binding on the City/Parish.

Topic 8, "The procedure for processing arrests, both in mass arrest and single arrest scenarios" appears to duplicate Topics 2 and 3, subtopics d and e.

---

[3] See also, La. R.S. 44:4(15).

February 19, 2021
Mr. David Lanser
Re: Imani v. City of Baton Rouge
Page 3

Topic 10, "The Baton Rouge Police Department's organizational chart and structure, including which individuals have decisionmaking authority," may run afoul of La. R.S. 44:1 et seq, to the extent that it seeks to disclose information covered by homeland security issues.[4] It is not automatically objectionable, but more detail or clarity of purpose may enable me to avoid request of a protective order or mounting a statutory objection. Topics 11 "All aspects of the planning and preparation that occurred within the Baton Rouge Police Department to respond to the likely protests" and 12 "All aspects of the planning and preparation that occurred between the Baton Rouge Police Department and any other law enforcement organization to respond to the likely protests, including the date, attendance, and content of any meetings held" suffer from the same issues, and particularly Topic 12, which demands multi-agency information. Topic 15, "Baton Rouge Police Department command structure for the July 10, 2016, protests" and Topic 16, "Command structure for July 10, 2016, protests between various law enforcement agencies," have the same issues.

To the extent that Topic 13, "Previous lawsuits filed against the Baton Rouge Police Department for uses of force and unconstitutional arrests, generally," requests anything other than what's in the public record, and recognizing a duty to produce such public records, it appears to call for privileged litigation strategy and work-product. If I have misunderstood the topic, please advise, so that I do not have to seek a protective order pursuant to Rule 26(b)(5) and (c).

Topic 14, "Crowd control tactics used at the July 10, 2016, protests," duplicates Topics 2 and 3, subtopics f, h, l, n, p, and does not specify which protests on July 10, 2016. Please clarify the geographical location and time sought – I would think that the question was specific to East Boulevard at France Street, but there were multiple protests and other incidents throughout the city on that date. The City/Parish would generally suggest that the individuals on the scene would be best able to testify to the specific methods employed, and that you have already proposed to depose those individuals.

Topics 17 "Radio or other communications used between law enforcement at the July 10, 2016, protests" and Topic 33 "Communications, whether internal or external, related to the July 10, 2016, protests" seems overly broad. As previously noted, there were multiple protests and incidents on July 10, 2016, throughout the day. If you would narrow the scope, we could better address the question of who, if any such person exists within the City/Parish, might be able to respond.

Topic 22, "Identification of named Defendants in video, photos, and other documents produced in this litigation," appears to be beyond the scope of Rule 26. I'll develop the law a bit,

---

[4] In particular, La. R.S. 44:3(A)(3) and (B), La. R.S. 44:3.1.

February 19, 2021
Mr. David Lanser
Re: Imani v. City of Baton Rouge
Page 4

but generally, I believe it is not the defendant's burden to provide the identity of alleged codefendants.[5]

Topics 23-27, 29, 31-32, and 37-42, are not organizational, but rather appear to be individual. To the extent that you've already requested individual depositions of officers on the scene, they would appear to be in the best position to answer those questions. Likewise, since Topics 10 (organizational chart for BRPD) and 15 (BRPD command structure) seek the general organization, and that information along with individual depositions would probably be the best way to get the information, if it can be found.

- 23. Identification of individuals who gave any orders to law enforcement during the July 10, 2016, protests.
- 24. Identification of individuals who gave any orders to protesters during the July 10, 2016, protests.
- 25. The arrest and processing of each Plaintiff.
- 26. Justification for arresting each Plaintiff.
- 27. The events that led to identifying and arresting Antonio Castanon Luna.
- 31. Any illegal activity alleged to have been committed by Plaintiffs.
- 32. Any illegal activity alleged to have been committed by any protester on July 10, 2016.
- 37. Any evidence that Plaintiffs did not comply with police orders.
- 38. How Defendants expected Plaintiffs to comply with orders to leave the area, while also complying with orders to that they "cannot leave. If you try to step into the street, we will arrest you."
- 39. Any evidence that this was not a peaceful protest.
- 40. The process used for preparing the affidavits of probable cause for Plaintiffs.
- 41. Any justification for entering private property to effect arrests.

Thank you in advance for your assistance. With best regards, I remain

Sincerely,

Joseph K. Scott, III
Special Assistant Parish Attorney

---

[5] See *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (2020). Although arising in the context of a class action suit, identification of additional parties for a claim already asserted is not relevant to the stated cause of action, which has already been defined by the complaint. Rule 26(b)(1).

February 19, 2021
Mr. David Lanser
Re: Imani v. City of Baton Rouge
Page 5


cc:    Alexandra M. Lamothe (Email: alamothe@burglass.com)
       Deelee Morris (Email: dsmorris@brla.gov)
       Gregory C. Fahrenholt (Email: gfahrenholt@burglass.com)
       Gregory Rome (Email: grome@brla.gov)