**Deposition Topics:**

**1.** The employee record of any named defendant for the period of employment with Defendant as it relates to the following, subject to any statutory limitations on disclosure of records provided those limitations are identified in advance of the deposition: **(4) any other topic relevant to this litigation.**

*I don't know what other topics plaintiffs feel is relevant to this litigation, and so I would ask that the sub-topic either be struck, or replaced with a plain statement of what other topics the City/Parish deponent would be requested to address.*

2. Policies and procedures regarding any of the following topics:

    **a.** **Use of force;**

*Appears to duplicate Subtopics 3(c), (d), (f), (g), (h), and (j).*

    **b.** **Bias;**

    **c.** **Discrimination;**

*I'm not clear on the distinction between Bias and Discrimination as set forth here. Please clarify. Appears to duplicate Subtopics 3(a) and (b).*

    **d.** **Arrest procedures;**

    **e.** **Arrest processing;**

*I'm not clear on the distinction between Arrest procedures and Arrest processing as set forth here. It also appears to overlap with (g) Affidavits of probable cause. Please clarify. Appears to duplicate Subtopic 3(i).*

    f. Crowd control;

    **g.** **Affidavits of probable cause;**

    h. Passive resistance;

      i.      Probable cause;

      j.      Professional conduct;

      k.      First aid or other medical training;

      l.      First Amendment rights;

      **m.**      **Use of deadly weapons;**

*Appears to duplicate Subtopics 3(c), (d), (f), (g), (h), and (j).*

      n.      Use of bearcats and other vehicles primarily deployed for crowd control;

      o.      De-escalation tactics;

      p.      Peaceful versus non-peaceful protests;

      q.      Searches and seizures, including searches and seizures of vehicles;

      r.      Identification of threats and/or agitators in crowds;

      s.      Accommodating Second Amendment Rights; and

      t.      Entry of private property to make arrests.

3. The following specific Baton Rouge Police Department policies and orders:

   a. General Order No. 108; Bias Based Profiling

      b.      General Order No. 112; Discipline

   c. General Order No. 131; Use of Deadly Force

      d.      General Order No. 132; Firearms

   e. General Order No. 134; Body Armor

   f. General Order No. 135; Less-Lethal Force

      g.      General Order No. 135.1; TASER

   h. General Order No. 135.2; Less-Lethal Impact Projectiles

      i.      General Order No. 209; Arrests

      j.    General Order No. 502/06-2; Patrol Rifles

4.    City of Baton Rouge's responses and supplemental responses to Plaintiffs' discovery requests, including:

    a.    The factual basis for each response and supplemental response;

    b.    Identification of documents produced by Defendants;

    c.    Identification of individuals in videos, photographs, or documents produced by Defendants;

    d.    Identification of radio communications produced by Defendants, including persons on the communication, time and date of the communication, and definition of any specialized terms;

    e.    Description of efforts made to locate responsive documents;

    f.    Description of all efforts responsive to document preservation letters from Plaintiffs' counsel, including communication to City/Parish employees, follow-up efforts, and IT Department search for relevant emails, texts, or other communications.

5.    Any document produced by City of Baton Rouge in this litigation.

6.    The Baton Rouge Police Department's organizational chart and structure, including which individuals have decisionmaking authority.

7.    Planning and preparation for protests, including:

    a.    Date, attendance, and content of planning meetings between Baton Rouge Police Department and other law enforcement agencies from July 5 through July 10, 2016;

    b.    All aspects of planning of protest response from the time Alton Sterling was killed through July 10, 2016;

    c.    Designation and identification of chain of command for July 9 and 10, 2016, protests at both Goodwood and Airline and at Government Street and downtown, both within BRPD and between BRPD and other law enforcement agencies.

    d.    Identification of individuals who gave orders to law enforcement officers; and

    e.    Identification of individuals who gave orders to protesters.

8. Equipment used during BRPD response to protests, including the acquisition of equipment related to the following tactics, determination to use the following tactics, the designation of authority to deploy the following tactics, and the description of the BRPD-authorized use of same:

    a.    Bearcat and other armored vehicles;

    b.    LRAD;

    c.    Tear gas/tear gas masks;

    d.    Shields, batons, helmets, vests;

    e.    Drones;

    f.    Listening devices; and

    g.    Cameras, including those used from airplane/helicopter.

9. Tactics used during BRPD response to protests, including the decision to use the following tactics, the designation of authority to deploy the following tactics, and the description of the BRPD-authorized use of same:

  a. Crowd control;

  b. Surveillance from operatives within the protest group;

  c. Kettling of protesters (surrounding protesters so that they can't leave); and

  d. Identification and arrest of protest leaders.

10. Reports of illegal activity during July 9-10 protests, including:

  a. Reports of violence, including but not limited to violence against law enforcement officers;

  b. Reports of property destruction;

  c. Reports of noise ordinance violations/disturbance of peace;

  d. Reports of efforts to obstruct roads, including but not limited to interstate highways; and

  e. Reports that Plaintiffs or other protesters did not comply with lawful orders by police.

11. Process used on July 9-10 for completing and signing affidavits of probable cause.

12. Arrests of each Plaintiff, including:

 a. Any illegal activity allegedly committed by each Plaintiff;

 b. The circumstances of the arrest and processing of each Plaintiff;

 c. The justification for arresting each Plaintiff;

 d. Identification of incident reports referencing any Plaintiff or Defendant;

 e. Identification of officers involved in arrests of Plaintiffs, including:

  i. Officers who allegedly saw and reported each Plaintiff committing crime;

  ii. Officers who gave orders to arrest each Plaintiff;

  iii. Officers who originally laid hands on each Plaintiff to detain them;

iv. Officers who used handcuffs or zip-ties to restrain each Plaintiff;

v. Officers who transported each Plaintiff to processing station;

vi. Officers involved in processing each Plaintiff at processing station;

vii. Officers who signed affidavit of probable cause for each Plaintiff; and

viii. Officers who notarized affidavit of probable cause for each Plaintiff.