UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAIR IMANI, *et al.* )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CITY OF BATON ROUGE, *et al.* )<br>)<br>Defendants. )<br>) | Docket No.17-cv-00439-JWD-EWD |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH DEPOSITION SUBPOENAS AND FOR SANCTIONS**

COME NOW Plaintiffs to file this memorandum in support of their motion to compel Richard McCloskey and Nick Collins' deposition testimony, and for sanctions.

Richard McCloskey, a defendant in this case, failed to appear for the subpoenaed time of his deposition. His lawyer said that the non-appearance was caused by a storm, and rescheduled the deposition. McCloskey then failed to appear <u>again</u> at the rescheduled time, without any excuse or proposal of an alternative date or time.

Nick Collins, a witness in this case and a defendant in the related *Tennart, Smith,* and *Batiste-Swilley* cases, also failed to appear for the subpoenaed time of his deposition. He offered no excuse or proposal of an alternative date or time. Collins' attorney subsequently reassured the parties that "I'm going to produce Collins." He did not.

As this is the eve of the close of discovery in *Imani*, Plaintiffs move to compel depositions and seek sanctions.

**I.   Statement of Facts and Procedural History.**

In 2018, this Court stayed all deposition discovery while the Court addressed issues of qualified immunity. R. Doc. 118. On October 27, 2020, that stay was lifted. R. Doc. 246. The parties have taken numerous depositions over the past two months.

In part to mitigate the burden on Defendants, the parties agreed to jointly schedule depositions for the *Tennart, Smith, Batiste-Swilley,* and *Geller* cases. Ex. G (Dec. of William Most) at ¶ 3. By jointly scheduling depositions, BRPD officers could be deposed once, rather than five times each.

Scheduling depositions given the limited availability of those witnesses and attorneys was challenging, but counsel for all parties worked effectively together to develop a mutually-agreeable schedule. *Id.* at ¶ 4.

BRPD Defendants, however, repeatedly failed to comply with the schedule. For example:

- On August 2, 2021, BRPD Defendant Alan Hamilton cancelled his deposition on four hours notice. Ex. A. According to Defendants' counsel, Officer Hamilton was on previously-scheduled vacation.   Ex. G at ¶ 6.

- On August 3, 2021, less than thirty-six hours before a long-scheduled 30(b)(6) deposition, Defendants moved for a protective order. At 4:00 p.m. on August 4, 2021, Defendants completely withdrew their motion. R. Doc. 278.

- On August 5, 2021, despite having withdrawn the motion for a protective order, BRPD failed to have witnesses available for more than a few topics of the 30b6 deposition on the subpoenaed date. Ex. G at ¶ 8.

- On August 13, 2021, Defendant Richard McCloskey failed to appear for his deposition, which was scheduled for that date at his request. According to Defendants' counsel, a storm prevented Mr. McCloskey from appearing. Ex. F.

- On August 16, 2021, Witness/Defendant Nick Collins failed to appear for his subpoenaed deposition. Ex. L (*proces verbal*). No excuse was given other than a statement one hour before the scheduled deposition that "today does not work for him." Ex. E.

- On August 25, 2021, Defendant McCloskey failed to appear *again* at the rescheduled time of his deposition. Ex. G at ¶ 11.

This Motion addresses McCloskey and Collins' failure to appear.

A. **Defendant Richard McCloskey failed two times to appear for deposition.**

Richard McCloskey is a defendant in this case. R. Doc. 189-1 (Operative Complaint). His counsel and plaintiff's counsel worked together to pick August 13, 2021 as his deposition date. Ex. G. at ¶ 12. On July 22, 2021, Mr. McCloskey was served, via counsel, with a notice of deposition for that date. Ex. I. On August 2, 2021, Mr. McCloskey was served, via counsel, with a notice of deposition for that date. Ex. J.

Mr. McCloskey did not appear at the scheduled time for his deposition. Ex. G at ¶ 15. His counsel represented that the failure to appear was caused by a storm. *Id.*

The parties worked together to reschedule McCloskey's deposition for 3:00 p.m. on August 25, 2021. Ex. G. at ¶ 17. McCloskey did not appear at that time either. According to his counsel, McCloskey was still at sea at the scheduled time of his deposition, and would not be appearing any time soon. Ex. G at ¶ 18. No excuse of a storm or other act of god was offered as a reason for his non-appearance. *Id.*

On August 25, 2021, the parties held a meet and confer about Mr. McCloskey's failure to appear. Mr. McCloskey's counsel offered no explanation or excuse for the failure to appear. *Id*. at ¶ 19. He agreed to pay the court reporter costs, but did not agree to pay any attorneys fees. *Id.* He did not offer any alternative dates for Mr. McCloskey's deposition, and no deposition dates remained in the *Imani* discovery period. *Id.*

B. **Nick Collins failed to appear for deposition, without any explanation. His counsel promised to subsequently produce him for deposition, but did not.**

Nick Collins is a defendant in *Tennart v. City of Baton Rouge*, 17-cv-179, *Batiste-Swilley v. City of Baton Rouge*, 17-cv-443, and *Smith v. City of Baton Rouge*, 17-CV-436, and a witness in *Imani v. City of Baton Rouge,* 17-cv-00439. He is an important witness because he wrote a July 10, 2016 incident report about his arrest of two persons who match the City's definition of the "agitators" that were being targeted for arrest. Ex. G. at ¶ 27.

Mr. Collins' counsel and Plaintiffs' counsel worked together to pick August 16, 2021 as the deposition date for Collins. Ex. G at ¶ 21. On July 28, 2021, Collins was served by counsel with a notice to that effect. Ex. B. On August 2, 2021, Collins was served by counsel with a notice to that effect. Ex. C.

On August 13, 2021, Mr. Collins' counsel and Plaintiffs' counsel held a meet and confer. Mr. Collins' counsel indicated that he was "actively trying to track down Nick Collins and [did] not seem to know where to locate him." Ex. D. Plaintiff's counsel noted that this was "concerning to me, as it has been weeks since noticing the deposition," and indicated that the deposition "will stay set for Monday unless you can confirm an alternative time that works for everyone else." *Id.* Collins' counsel did not offer any alternative times. Ex. G at ¶ 22.

On August 16, 2021, only **sixty-four minutes** before Mr. Collins' scheduled deposition, Collins' counsel wrote: "My office has made contact with former officer Nick Collins, and as I feared, today does not work for him. He is going to contact my assistant, and then hopefully myself, and I will report back with his schedule." Ex. E.

At 1:30 p.m. on August 16, 2021, the time for Mr. Collins scheduled deposition arrived. Present were seven attorneys (one for *Imani* plaintiffs, four for the *Smith, Batiste-Swilley*, and *Tennart* plaintiffs, one for the State Trooper defendants, and Mr. Collins' counsel) and the court reporter. Ex. L at 2. Mr. Collins did not appear. *Id.* at 5.

The parties held a meet and confer about Mr. Collins' failure to appear. Ex. L at 9. Mr. Collins' counsel offered no explanation or excuse for Mr. Collins' failure to appear. Ex. F; Ex. L at 5:10-15. Collins' counsel agreed to pay the court reporter costs, but did not agree to pay any attorneys fees. Ex. L at 11. He did not offer any alternative dates for Mr. Collins' deposition. Ex. F; Ex. L at 10:3-7 ("Mr. Most: Do you have any dates or times to proffer for Mr. Collin's subpoena – deposition? Mr. Scott: I do not. I haven't talked to him.") *Imani*

plaintiffs indicated their intent to seek a motion to compel and contempt of subpoena. Ex. L at 13:2-3.

Later on August 16, 2021, Mr. Collins' attorney explained why he would not agree to pay attorneys fees: "**I'm going to produce Collins**, you would have had to spend the preparation time regardless, and so there's no wasted effort, except by your demand to have a process verbal with the Court Reporter." Ex. J at 3 (emphasis added).

Despite his assurance, Mr. Collins' attorney did not produce Mr. Collins for deposition. Ex. G. at ¶ 26. He offered no alternative dates. *Id*. As of 8:00 p.m. on August 26, 2021, the evening before the close of discovery in *Imani*, Mr. Collins' attorney had given no indication that Mr. Collins would be available for a rescheduled deposition. *Id.* at ¶ 27.

## II.  LAW AND ANALYSIS

**A.  The Court should grant this motion because McCloskey and Collins refused to comply with lawful deposition subpoenas, without any excuse or alternative dates.**

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party." *See Augustine v. La. ex rel. Dep't of Pub. Safety & Corr*., No. 10-171, 2011 WL 3420645, at *1 (M.D. La. Aug. 4, 2011) ("a person having knowledge of facts sought by the moving party is subject to examination")

Pursuant to Fed. R. Civ. P. 37(d)(1)(A), the court where an action is pending may, on motion, order sanctions if a "party . . . fails, after being served with proper notice, to appear for [his/her] deposition." Fed. R. Civ. P. 37(d)(1)(A). Rule 37(d)(3) sets forth the types of sanctions a court may impose. Such sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

In addition to those sanctions, the Court must also require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

"substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Regarding a non-party, per Federal Rule of Civil Procedure 45(g) a noticing party "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." And although "the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Notes of Advisory Committee on Rule 45, *citing Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d Cir. 1990); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975). *Cf. Young v. United States ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 821 (1987) (Scalia, J., concurring).

So powerful is the subpoena, that a "non-party might be guilty of contempt for refusing to obey a subpoena even though the subpoena manifestly overreaches the appropriate limits of the subpoena power." *Id.*, citing *Walker v. City of Birmingham*, 388 U.S. 307 (1967).

When a non-party is properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend the deposition. *Tranchant v. Environmental Monitoring Serv., Inc.*, No. 00-2196, 2001 WL 1160864, at *2 (E.D. La. Oct. 2, 2001) (Shushan, M.J.). "If the non-party does neither, the non-party may be held in contempt." *Id*.

A party may seek to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Proc. 45(g). Before seeking a motion to compel, the movant must confer in good faith. FRCP 37(a)(1).

Here, Defendant Richard McCloskey should be held in contempt of subpoena. He was properly noticed and subpoenaed for a date and time chosen in collaboration with his counsel. Ex. I and J. He failed to appear. Ex. G at ¶ 9. His counsel provided an excuse (that a storm prevented McCloskey's appearance), and the parties rescheduled the deposition. Ex. F.

McCloskey then failed to appear at the rescheduled time. Ex. G at ¶ 11. For his second non-appearance, he offered no excuse. *Id*. at ¶ 19. He offered no alternative dates or times. *Id.* McCloskey should be sanctioned and ordered to appear.

Nick Collins should also be held in contempt of subpoena. He is a non-party witness in *Imani,* but he his deposition notice was also for the *Tennart, Batiste-Swilley*, and *Smith* cases in which he is a defendant. He was properly subpoenaed for a date and time chosen in collaboration with his counsel. Ex. B, C. But only sixty-four minutes before his scheduled deposition, Collins' counsel said that "today does not work for him." Ex. E. Neither Collins nor his counsel provided any excuse or explanation why he failed to appear. Nor did Collins or his counsel provide any alternative dates for his deposition. Ex. G at ¶ 24. Collins should be sanctioned and ordered to appear. *See McCoy v. SC Tiger Manor, LLC*, 19-cv-723, R. Doc. 156 (M.D. La., Apr. 8, 2021) (sanctioning deponent who, on morning of deposition, "I will be unable to participate today" and providing no reason or further explanation for her absence.)

**B.    If this Court grants this motion, it must grant Plaintiffs' reasonable fees.**

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Failure to comply with a subpoena can result in attorneys fees being levied against the non-complying party. *Singh v. Wackenhut Corporation,* 07-cv-00173, R. Doc. 49 at *8 (M.D. La., Apr. 8, 2008) (non-appearing party "should be required to pay the reasonable costs and attorney's fees associated with defense counsel's preparation for, travel to and from, and

attendance of her deposition as well as the costs and fees associated with the filing of the present motion."); *Francois v. Blandford*, 10-cv-01330, R. Doc. 140 (E.D. La. March 7, 2012) (witness failing to comply with deposition subpoena ordered to pay issuing party's "expenses and attorney's fees.")

Here, none of the three exceptions apply. First, Plaintiffs have worked in good faith to obtain the deposition testimony of Mr. Collins and Mr. McCloskey, by working with their counsel to pick dates convenient to them, and then rescheduling when necessary. Second, the non-appearances were not substantially justified. Mr. Collins offered no excuse – or even any explanation – for his failure to appear, other than "today does not work for him." Mr. McCloskey offered no excuse or explanation for his second failure to appear. And third, no other circumstances make an award of fees unjust.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion. They ask that this Court:

1. Order that Mr. Collins and Mr. McCloskey appear for a deposition within two weeks of this order, via Zoom, at a time convenient to Plaintiffs' counsel.

2. Order Mr. Collins and Mr. McCloskey be ordered to pay the costs and reasonable attorneys fees incurred by the preparation for and attendance at the depositions of August 13, 16, and 25.

3. Order that Mr. Collins and Mr. McCloskey pay the reasonable attorneys fees incurred in preparing this motion.

4. Issue the admonition it gave to a non-appearing deponent in *McCoy v. SC Tiger Manor, LLC*, 19-cv-723-JWD-SDJ, R. Doc. 156 (M.D. La., Apr. 8, 2021): "let the Court be absolutely clear here, that if [the non-appearing party] fails to comply with all instructions of this Court regarding the rescheduling of [his] deposition, including attending and participating in that deposition once scheduled, [he] will be in violation of this Order of the Court, and sanctions will be imposed, which can include finding [him] in contempt of Court and/or [dispositive sanctions]."

Respectfully submitted,

| | |
|---|---|
| */s/ William Most*___ | |
| WILLIAM MOST | JOHN ADCOCK |
| Louisiana Bar No. 36914 | Louisiana Bar No. 30372 |
| 201 St. Charles Ave., Ste. 114 #101 | 3110 Canal Street, 2d Floor |
| New Orleans, LA 70170 | New Orleans, LA 70119 |
| Tel: (650) 465-5023 | T: (504) 233-3125 |
| Email: williammost@gmail.com | F: (504) 308-1266 |
| | Email: jnadcock@gmail.com |

*Attorneys for Plaintiffs*