UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BLAIR IMANI, ET AL

VERSUS

CITY OF BATON ROUGE, ET AL

CIVIL ACTION

NO.: 3:17-CV-439-JWD-EWD

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENAS AND FOR SANCTIONS[1]**

MAY IT PLEASE THE COURT:

*Factual Basis*

The factual basis proposed by plaintiffs' counsel in their Memorandum in Support is generally correct, but leaves out important details and context. To the extent that these omissions are relevant to the Court's consideration, defendants would add the following notations.

As early as March 23, 2021, defense counsel sought to consolidate depositions in multiple protest cases.[2] In early May, 2021, through late June, 2021, counsel for plaintiffs and defendants engaged in lengthy email correspondence and various phone calls to work on scheduling numerous depositions. By rough count, various attorneys exchanged over one hundred emails in scheduling, rescheduling, modifying dates, sending notices, and the like.[3] Defense counsel did not keep track of brief phone calls to avoid another lengthy and confusing email chain, but can fairly represent that they were commonly made.

On August 5, 2021, the City of Baton Rouge had five (5) qualified witnesses available to provide testimony for plaintiffs' 30(b)(6) deposition. Plaintiffs' counsel deposed three of those

---

[1] ECF Doc. 282 and attachments.
[2] See Exhibit A, correspondence of Joseph Scott to all plaintiffs' counsel in five (5) protest suits, March 23, 2021.
[3] May 5, 2021-June 23, 2021, 43 emails in thread; July 12-19, 14 emails in thread; July 6-21, 28 emails in thread; July 20-27, 27 emails in thread.

five between 9:00 a.m. and approximately 5:15 p.m. The two officers who were not deposed that day were deposed on August 18 and August 24, 2021.

On August 13, 2021, former officer McCloskey failed to appear due to storms. He is a small craft captain running a fishing charter company, and working for himself. A small craft captain, in open water, delayed by storms, does not appear to be a contumacious failure to appear.[4]

Plaintiffs' counsel suggested Thursday, August 19, at 3:00 p.m., which defense counsel conveyed to former officer McCloskey, and which was tentatively accepted. Undersigned counsel believes this information was conveyed to plaintiffs' counsel in an off-the-record scheduling discussion, but cannot be certain, and that date and time was made moot when there was a bomb threat at BRPD headquarters on the 19th, resulting in the cancellation of all further depositions on that date.

On August 13, 2021, defense counsel conveyed to plaintiffs' counsel that the Parish Attorney's Office had been having difficulty getting in touch with former officer Nicholas Collins.[5] Upon reasonable investigation, it appears that former officer Collins is working out of state, and the Parish Attorney's Office does not have a physical address or functioning email address for Mr. Collins. After a variety of efforts to contact Mr. Collins, he was reached on Monday, August 16, 2021, and advised that he was unavailable. Plaintiffs' counsel represents surprise at the outcome, but defense counsel respectfully suggests that any surprise comes from lack of communication amongst plaintiffs' counsel, as warning was given well in advance. Defense counsel would further suggest that Mr. Collins proposed morning dates between September 20-

---

[4] See plaintiffs' exhibit K, correspondence of Joseph Scott, August 16, 2021.
[5] See plaintiffs' exhibit proces verbal regarding Nick Collins at Pg. 6, Line 25-Pg. 7, Line 13, noting advance warning of difficulty in communication, and exhibit K, correspondence of Joseph Scott, August 16, 2021.

23, 2021, but as those were outside of the discovery window for *Imani*, they were not conveyed to counsel, as they did not appear to be responsive to the request.

On August 25, 2021, former officer McCloskey advised, shortly before the scheduled deposition time, that he had not made it back to shore. Again, small craft captains in the Gulf of Mexico are subject to the vagaries of weather and tides, which are beyond the City-Parish's ability to control.

The City-Parish would further suggest that defendants have engaged in extraordinary efforts to produce deponents over the course of the last four months, and have succeeded in doing so on many occasions. Since April 5, 2021, the City-Parish has produced forty-six (46) current or former BRPD Officers for approximately 93 hours of testimony.[6] Counsel for the City-Parish have taken or attended the deposition of two non-party witnesses, two plaintiffs, four Louisiana State Police Officers, and the Louisiana State Police 30(b)(6) deposition, for another approximate 22.25 hours of testimony. While undersigned counsel admits that this process was imperfect, there has been, at all times, a good faith and earnest effort to streamline this process and maximize the efficiency of this discovery period.

## *Law & Argument*

*Subpoenas and Service, In General*

Federal Rule of Civil Procedure 45 permits counsel to issue a subpoena to a non-party to attend a deposition. As noted by plaintiffs' counsel, Nicholas Collins is not a party to *Imani*,[7] and the purported subpoena was issued by counsel in the *Imani* suit. Accordingly, service by the *Imani* plaintiffs on the office of the Parish Attorney is insufficient.[8] While the rule of personal service on

---

[6] See Exhibit B, Chart of Protest Depositions, at Pg. 4.
[7] ECF Doc. 282-1, at Pg. 3, last paragraph on the page.
[8] Plaintiffs' exhibit G (ECF Doc. 282-9 at paragraph 21) and C (ECF Doc. 282-5).

a non-party appears to have eroded with technology, the party serving the subpoenas must use a method reasonably calculated under the circumstances to provide his with notice and an opportunity to object.[9]

As noted in the factual basis above, defense counsel believe that Mr. Collins is working out of state, but do not have a mailing address or functional email address. In trying to keep the litigation moving, defense counsel have attempted to make contact with Mr. Collins, but plaintiffs' counsel is clearly incorrect in asserting proper service as to Mr. Collins. Furthermore, to the extent that Mr. Collins is a defendant in other suits, he is not in Imani, and plaintiffs' counsel lack standing to assert any injury or inconvenience to any other plaintiff or plaintiffs' counsel who are not joined in the motion.

*Former Officer McCloskey*

Upon the best information of the City-Parish, Mr. McCloskey has been scheduled for deposition three times, and failed to appear twice, due to storms and/or other maritime problems. One appearance was cancelled because of unrelated threats of terrorist activity, which is clearly beyond his ability, or the City-Parish's ability, to control. Mr. McCloskey's profession is difficult, at best, and long-recognized as hazardous.[10] As can be seen from plaintiffs' exhibit () (ECF Doc.

---

[9] See, by way of example, *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450 (S.D.N.Y. 2017), listing considerations of the litigants and authorizing alternative means of service, to include certified mail or email. But see *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007), quashing subpoenas for testimony based on lack of personal service per Rule 45(b)

[10] Psalm 107:23-30, KJV:
23 They that go down to the sea in ships, that do business in great waters;
24 These see the works of the Lord, and his wonders in the deep.
25 For he commandeth, and raiseth the stormy wind, which lifteth up the waves thereof.
26 They mount up to the heaven, they go down again to the depths: their soul is melted because of trouble.
27 They reel to and fro, and stagger like a drunken man, and are at their wit's end.
28 Then they cry unto the Lord in their trouble, and he bringeth them out of their distresses.
29 He maketh the storm a calm, so that the waves thereof are still.
30 Then are they glad because they be quiet; so he bringeth them unto their desired haven.

282-11), on July 22, 2021, the initial setting of August 13, 2021 was made, after defense counsel's discussions with Mr. McCloskey.

As to Mr. McCloskey, service is proper on the office of the Parish Attorney – he is a party to Imani, and represented by this office. However, as set forth above, he is no longer employed by the City, and works for himself in a demanding and unpredictable profession. The City/Parish would suggest that his scheduling issues fall within the ambit of Rule 45(d)(1), requiring the attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. While plaintiffs' counsel have generally been reasonable in scheduling and rescheduling depositions, and defense counsel have engaged in extensive efforts to communicate with and schedule depositions for over forty deponents in a period spanning roughly sixty days, subjecting Mr. McCloskey to contempt for his inability to control tides and weather is uncalled for, and inappropriate under these circumstances.

Given the recent hurricane related extension of all pending deadlines,[11] defense counsel will attempt to reschedule Mr. McCloskey outside of the running of the discovery deadline, as permitted by Local Civil Rule 26(d)(1).

## *Conclusion*

The purported service on Nicholas Collins is ineffective, and defense counsel have limited ability to communicate with Mr. Collins. His failure to appear cannot be considered as contumacious, as regards Imani, as he is a non-party witness only, and upon information and belief, is currently working out of state.

---

[11] GENERAL ORDER NO. 2021-7, dated September 2, 2021, issued by Chief Judge Shelly D. Dick, United States District Court, Middle District of Louisiana.

As to Mr. McCloskey, defense counsel remains ready to try once again to schedule and provide his testimony, which under the circumstances, would not appear to disrupt the existing motions deadlines.

.

        **By Attorneys:**
        **Anderson O. Dotson**
        **Parish Attorney**

        */s/ Joseph K. Scott, III*
        **Joseph K. Scott, III (Bar Roll #28223)**
        **Deelee S. Morris (Bar Roll #28775)**
        **A. Gregory Rome (Bar Roll #21062)**
        **222 St. Louis Street, 9th Floor**
        **Baton Rouge, LA 70802**
        **Telephone: (225) 389-3114**
        **Facsimile:   (225) 389-8736**
        **Email:** jkscott@brla.gov
        **Email:** dsmorris@brla.gov
        **Email:** grome@brla.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BLAIR IMANI, ET AL

VERSUS

CITY OF BATON ROUGE, ET AL

CIVIL ACTION

NO.: 3:17-CV-439-JWD-EWD

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Memorandum in Opposition to Motion to Compel Compliance with Deposition Subpoenas and For Sanctions* was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Counsel will also provide a copy to the attorney in *Tennart, Smith, Batiste-Swilley, A.R.,* and *Geller*, via email.

Baton Rouge, Louisiana this 10th day of September, 2021.

*/s/ Joseph K. Scott, III*
JOSEPH K. SCOTT, III