UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAIR IMANI, *et al*. ) | |
| ) | |
| Plaintiffs, ) | Docket No.17-cv-00439-JWD-EWD |
| v. ) | |
| ) | |
| CITY OF BATON ROUGE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH DEPOSITION SUBPOENAS AND FOR SANCTIONS**

COME NOW Plaintiffs to file this reply in support of their motion to compel Richard McCloskey and Nick Collins' deposition testimony, and for sanctions. For the reasons, herein, the motion should be granted.

**A.    The motion should be granted because Nick Collins was properly served with a subpoena on his counsel of record, as mandated by FRCP 5(b)(1).**

The opposition offers only a single argument why Nick Collins should not be held accountable for his non-appearance at a subpoenaed deposition: that although the Parish Attorney's office was served with the deposition subpoena, service "by the *Imani* plaintiffs on the office of the Parish Attorney is insufficient." R. Doc. 273 at 3.

The opposition does not articulate *why* service on the Parish Attorney would be insufficient. Federal Rule of Civil Procedure 5(b)(1) requires that if "a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

Here, Nick Collins was served by service on Joseph Scott of the Parish Attorney's office, who is listed as Mr. Collins' counsel of record in the cases *Tennart,* 17- 179, *Smith*, 17-436, and *Batiste-Swilley*, 17-443. And since the deposition notice was regarding those three

cases in addition to *Imani*, Plaintiffs had no choice but to serve Mr. Collins by counsel per the requirement of Fed. R. Civ. Proc. 5(b)(1). Additionally, since the notice of deposition was about the subject of those cases, Plaintiffs' counsel contacting Mr. Collins directly could have run afoul of Louisiana Rule of Professional Conduct, Rule 4.2, which prohibits a lawyer from communicating with a "person the lawyer knows to be represented by another lawyer in the matter" about the subject of that matter. Plaintiffs thus served Mr. Collins in the manner required by the rules of civil procedure and rules of ethics. The motion should be granted.

Furthermore, the opposition points out the core of what is needed is that "the party serving the subpoenas must use a method reasonably calculated under the circumstances to provide [the deponent] with notice and an opportunity to object." R. Doc. 273 at 4, *citing Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450 (S.D.N.Y. 2017). Serving Mr. Collins' <u>counsel of record</u> was certainly a method calculated to provide Mr. Collins with notice and an opportunity to object. He chose not to use the opportunity to object, and instead simply did not appear for his deposition. He has not offered any alternative dates or times. The motion should be granted.

And finally, the motion should be granted because the Parish Attorney's office represented to Plaintiffs that they had established "affirmative contact" with Mr. Collins and were "going to produce Collins." Ex. K at 3. After promising to produce Mr. Collins for deposition, they should be estopped now from arguing the opposite. The motion should be granted.

**B.     The motion should be granted because Richard McCloskey does not offer any excuse for his second non-appearance at a subpoenaed deposition.**

The opposition concedes that Mr. McCloskey was properly served with a deposition notice, and argues that Mr. McCloskey missed his first deposition time due to a storm. R. Doc. 283 at 2. The opposition does not, however, claim that a storm caused his <u>second</u> non-appearance. It merely says generally that "small craft captains in the Gulf of Mexico are

subject to the vagaries of weather and tides, which are beyond the City-Parish's ability to control." *Id*. at 3.

That may be true.[1] But the opposition does not offer any evidence, in the form of a sworn declaration or otherwise, that any particular weather event caused Mr. McCloskey's non-appearance. It does not even <u>claim</u> that any particular weather event caused Mr. McCloskey's non-appearance. It merely gestures at weather generally, and hopes that such a gesture is sufficient to excuse non-compliance with a subpoena. It is not.

Plaintiffs have asked for deposition dates for Mr. McCloskey since May 2021. Mr. McCloskey only provided dates at the very end of discovery, and on days that he apparently chose to go to out on his boat. And then twice he did not appear at the times of his choosing. He should be held accountable for his choices. The motion should be granted.

**C.     Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion.

Respectfully submitted,

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
David Lanser (La. Bar 37764)
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com

JOHN ADCOCK
Louisiana Bar No. 30372
3110 Canal Street, 2d Floor
New Orleans, LA 70119
T: (504) 233-3125
F: (504) 308-1266
Email: jnadcock@gmail.com

*Attorneys for Plaintiffs*

---

[1] Undersigned counsel, a former card-carrying member of the Seafarers International Union, agrees that the Mr. McCloskey cannot control the tides. That does not mean that "tides" are an excuse for a non-appearance at a subpoenaed deposition. As every seafarer knows, tides are be outside human control, but are reliably predictable. *See, e.g.,* https://tidesandcurrents.noaa.gov/tide_predictions.html