UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BLAIR IMANI, ET AL**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　**NO.: 3:17-CV-439-JWD-EWD**

**CITY OF BATON ROUGE, ET AL**

### NOTICE REGARDING 30(b)(6) TESTIMONY

**MAY IT PLEASE THE COURT:**

In accordance with the Court's order of December 20, 2022 (ECF Doc. 380) defendants herein present a revised "30(b)(6) Chart" and notice of intent to depart from testimony of the City through its representative Captain Chris Polito given on August 25, 2021.[1] Captain Polito was working from a script developed by defense counsel, who attempted to synthesize roughly thirty depositions into a responsive answer to the 30(b)(6) topic,[2] specifically Topic 12:

> 12. Arrests of each Plaintiff, including:
> a. Any illegal activity allegedly committed by each Plaintiff;
> b. The circumstances of the arrest and processing of each Plaintiff;
> c. The justification for arresting each Plaintiff;
> d. Identification of incident reports referencing any Plaintiff or Defendant;
> e. Identification of officers involved in arrests of Plaintiffs, including:
> 　　i. Officers who allegedly saw and reported each Plaintiff committing crime;
> 　　ii. Officers who gave orders to arrest each Plaintiff;
> 　　iii. Officers who originally laid hands on each Plaintiff to detain them;
> 　　iv. Officers who used handcuffs or zip-ties to restrain each Plaintiff;
> 　　v. Officers who transported each Plaintiff to processing station;
> 　　vi. Officers involved in processing each Plaintiff at processing station;
> 　　vii. Officers who signed affidavit of probable cause for each Plaintiff; and
> 　　viii. Officers who notarized affidavit of probable cause for each Plaintiff.

While most cases suffer from a dearth of evidence, this case is drowning in evidence. The pretrial order (ECF Doc. 373), filed December 15, 2022, shows 340 exhibits between joint exhibits,

---

[1] ECF Doc. 297-31. Officer Polito has been promoted from Lieutenant to Captain as of the time of this notice.
[2] ECF Doc. 275-6, 30(b)(6) notice, at Pg. 5-6.

Pg. 1

plaintiffs' exhibits, and defense exhibits. Approximately one-hundred (100) depositions have been taken in the various protest cases, roughly forty (40) of which were for Imani, from June through August, 2021 (and two in 2022).[3] Over two-hundred (200) exhibits were used in those depositions as of September, 2021 (many of those have been cycled through to trial exhibits, and/or summary judgment exhibits). Imani plaintiff Karen Savage produced 386 photographs, while BRPD Crime Scene Officers produced another 537 still photographs and 62 video clips.

- *30(b)(6) chart, page 1, first column "Does City have evidence Plaintiff didn't comply with orders?"*

Greg Fahrenholt, representing individual Louisiana State Police defendants, tried to salvage defense counsel's misunderstanding of what was going on in the 30(b)(6) deposition. Mr. Fahrenholt did have Captain Polito acknowledge that if there was evidence that orders to disperse had been given, and that if the plaintiffs failed to depart the area, that would be evidence that the plaintiffs had not complied with orders.[4] Captain Polito, having reviewed various videos after the deposition, would provide testimony that dispersal orders were given over an approximately ninety-minute period, and that the plaintiffs failed to comply, as evidenced by their detention and arrest in the yard on the corner of East Boulevard and France Street.

If not provided through Captain Polito, then substantially similar testimony would be derived through Karen Savage's photos, Crime Scene videos authenticated by Captain Keith Wilson, the testimony of Sergeant Thomas Morse, Deputy Chief Myron Daniels, Captain David Wallace, retired Captain J.D. Leach, and/or Corporal Alaina Mancuso. The reason for the change in testimony, or contradictory testimony, would be fundamental misunderstanding of defense counsel as to what Mr. Most was trying to prove up. Defendants would further note that plaintiffs'

---

[3] The 30(b)(6) deposition spread across five days, with eight witnesses, one of whom made four appearances.
[4] ECF Doc. 297-31, at Pg. 50:6-52:16.

*Pg. 2*

counsel participated in the depositions of Keith Wilson, Thomas Morse, Myron Daniels, David Wallace, J.D. Leach, and Alaina Mancuso, such that the testimony would not be a surprise to plaintiffs. It is substantially the same evidence presented in the defendants' opposition to the plaintiffs' partial summary judgment,[5] filed in October, 2021, which defendants would suggest was notice to the plaintiffs, and the Court, of how the testimony was going to look.

- *30(b)(6) chart, page 1, second and third columns "Other than APC, does City have evidence Plaintiff was violent?/ Other than APC, does City have any description of specific Plaintiff's illegal activity?"*

Here, the City would present testimony through E.J. Lapeyrouse, Joe (Reab) Simoneaux, and/or Billy Walker, that Alexus Cheney's blocking the roadway and maybe hurling a projectile in the direction of the police was directly observed. Curtis Wilson would testify that he observed violations by Alisha Feldman and Leah Fishbein directly. That testimony would be consistent with their deposition testimony, which didn't translate well in the 30(b)(6) deposition, but which was noted.[6]

The surprise testimony would be that Antonio Castanon-Luna and Nadia Salazar Sandi were identified as agitators and throwing projectiles, which was first determined by the defendants in October, 2021, while preparing Sergeant Jesse Barcelona for his deposition. The Court has already ruled that Sergeant Barcelona will not be allowed to testify as a late-disclosed witness. However, it is the City's belief that Sergeant Brandon Blust and Corporal James Crockett, who were not deposed, would offer similar testimony. Corporal Alan Hamilton, who was deposed, testified that Antonio Castanon-Luna was agitating the crowd, and so his testimony, at the very least, would not be a surprise.

---

[5] ECF Doc. 310.
[6] ECF Doc. 297-31, at Pg. 17:20-21:4.

- *30(b)(6) chart, page 2, first column "Which officer(s) saw Plaintiff commit any alleged crime?"*

The overall change would be consistent with page 1, first column, in that the officers in the intersection observed the crowd failing to disperse, which would be a violation of La. R.S. 14:329.3. Hence, the testimony of officers in the intersection, such as Sergeant Morse, Deputy Chief Daniels, Corporal Mancuso, Curtis Wilson, Keith Wilson, Brandon Blust, James Crockett, Jason Dohm, Alan Hamilton, and James Thomas would support the change.

- *30(b)(6) chart, page 2, remaining columns*

The specific changes, from top to bottom, following plaintiffs' order, would be as follows:

**Akeem Muhammed**: By intensive photo review, resizing and cropping, it appears that Officer Michael Edwards cuffed Mr. Muhammed. Officer Edwards and Sergeant Brownleader are shown walking Mr. Muhammed out of the intersection towards prisoner processing in joint exhibit 12, a video identified as "RT Ruptly."

**Raae Pollard**: By intensive photo review, three crime scene photos (MES 7056 07-10-16 (110, 111, 112) appear to show Ms. Pollard being detained and cuffed by Louisiana State Police.

**Samantha Nichols**: The City believes that Alain Mancuso observed Samantha Nichols' violation and detained her, which was supported by a video clip of Samantha Nichols interfering in the detention of Raae Pollard (found in the fall of 2022) and by intensive review of photographs showing Officer Mancuso attempting to handcuff Samantha Nichols. Billy Walker's deposition testimony was that he did not sign the affidavit of probable cause, and it appears that prisoner processing erroneously listed him as the affiant.

**Alexus Cheney**: As noted above, E.J. Lapeyrouse, Joe (Reab) Simoneaux, and/or Billy Walker testified in their depositions to observing Ms. Cheney's violations. Retired Captain Lapeyrouse testified that he ordered Ms. Cheney's arrest, and video evidence provided by plaintiffs

shows Sergeant Simoneaux walking Ms. Cheney to prisoner processing. Sergeant Simoneaux's deposition testimony was that he did not sign the affidavit of probable cause, but he did escort Ms. Cheney to prisoner processing, and it appears that prisoner processing erroneously listed him as the affiant.

**Karen Savage**: James Thomas' deposition testimony was that he observed Ms. Savage's violations and took her to prisoner processing. Thomas' deposition testimony likewise indicated that he told prisoner processing to mark him down as the arresting officer, and that it appears that prisoner processing mistakenly listed him as the affiant.

**Cherri Foytlin**: Former officer Nicholas Collins was deposed in January, 2022, and testified that he could not recall whether he made the decision to detain Ms. Foytlin or if it was ordered by others on scene. Plaintiffs' counsel was present for that deposition, and examined Mr. Collins on that issue. From intensive photo review, it appears that Mr. Collins did seize and cuff Ms. Foytlin.

**Antonio Castanon-Luna and Nadia Salazar-Sandi**: Video footage shows Mr. Castanon-Luna and Nadia Salazar-Sandi being seized by Officers Blust, Crockett, and Hamilton. Intensive photo review shows former officer Vincent Liberto escorting a handcuffed Mr. Castanon-Luna towards prisoner processing.

Defendants' corresponding "30(b)(6) chart" is attached.

- *Conclusion*

The Court advised that there should good reason for failure to communicate contrary testimony to plaintiffs' counsel, and that the primary concern was prejudice.[7] As set forth above, most of the contrary testimony had already been provided through depositions, many of which had

---

[7] Transcript of December 20, 2022, hearing on motions in limine at 32-34.

Pg. 5

not been transcribed in time for the 30(b)(6) deposition. Some contrary testimony was determined by depositions taken outside of the discovery cutoff (i.e. former officers Nicholas Collins and Richard McCloskey), and more contrary evidence was determined while counsel tried to catalog and inventory hundreds of exhibits in the fall of 2022.

The same evidence, photographic and video, has been available to both sides, and that cuts against prejudice – it's a matter of how each side chooses exhibits, how they examine them, and what purpose they think that particular exhibit will serve. Captain Polito has been briefed, and understands that either we go by the deposition, or it opens up a bit. Defendants would suggest that to the extent that contrary testimony was disclosed through depositions, there's no prejudice in allowing Captain Polito to incorporate that into his testimony. To the extent that intensive review of the exhibits, typical of trial preparation, of over a thousand photographs and dozens of video clips, has developed evidence that supports the City's position, where the same evidence is available to both sides, then there is no prejudice by allowing Captain Polito to make reference to them, because if he's being called to ask what the City knows today, instead of seventeen months ago, the answer is the City knows more today than it did in August, 2021.

**By Attorneys:**
**Anderson O. Dotson**
**Parish Attorney**

**/s/ Joseph K. Scott, III**
**Joseph K. Scott, III (#28223)**
**Deelee S. Morris (Bar Roll #28775)**
**A. Gregory Rome (#21062)**
**222 St. Louis Street, 9th Floor**
**Baton Rouge, LA 70802**
**Telephone: (225) 389-3114**
**Facsimile:   (225) 389-8736**
**Email:** jkscott@brla.gov
**Email:** dsmorris@brla.gov
**Email:** grome@brla.gov

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**BLAIR IMANI, ET AL**                    **CIVIL ACTION**

**VERSUS**                                **NO.: 3:17-CV-439-JWD-EWD**

**CITY OF BATON ROUGE, ET AL**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice Regarding 30(b)(6) Testimony* was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 13th day of January, 2023.

*/s/ Joseph K. Scott, III*
**JOSEPH K. SCOTT, III**