UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BLAIR IMANI, ET AL.**              CIVIL ACTION

**VERSUS**                           NO.:  17-CV-439-JWD-EWD

**CITY OF BATON ROUGE, ET AL**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF OBJECTION TO DEMONSTRATIVE EXHIBITS

**MAY IT PLASE THE COURT:**

Pursuant to the Court's instructions (ECF Doc. 400), the parties have exchanged proposed demonstrative exhibits. At the status conference held January 25, 2023, the Court extended the deadline for objections to demonstrative exhibits to January 26, 2023. Plaintiffs sent three .pdf files to counsel for the City, as follows:

| Designation | File Name | Description |
|---|---|---|
| A | 2023.1.24 – Plaintiffs' Opening Demonstrative | 94 page PowerPoint printout. |
| B | 30b6 Charts | 2 page blank "30(b)(6) Chart" |
| C | Additional Demonstratives | 8 pages of legal assertions. |

Counsel for the City and Plaintiffs traded correspondence, and conferred on January 26, 2023, to try and resolve each side's objections, with limited success.

*General Objections*

Local Civil Rule 47(c) provides:

 **(c) Argument of Law to Jury Prohibited.** In the argument of any case to a jury, counsel shall not read to the jury from any legal textbook or reported case, instruct the jury on any matter of law, or argue law to the jury.

Defense counsel is unclear on how the rule is actually applied, but generally understands that it is the Court's role to announce what the law is, and how the law is applied, throughout the trial. Only

in closing, after the charge conference, can an attorney cite to the final jury instructions. Attorneys can state what their clients' demand or defense is generally, but not make assertions about how the law will be applied in this particular case. Plaintiffs' proposed demonstratives A and C both appear to instruct the jury on the law, and defendants object.

Plaintiffs' proposed demonstrative A is a collage of joint exhibits, plaintiffs' exhibits, and defense exhibits. Defendants object to any exhibit that is not a joint exhibit, as they presuppose the admissibility of any given exhibit, and showing them to the jury prior to admission into evidence is potentially prejudicial, because the jury may rely on facts not in evidence in determining the outcome of the suit. Plaintiffs using defense exhibits adds more jeopardy, because which exhibits the defendants actually enter in their case in chief depends entirely on how well the plaintiffs present their case, whether defendants move for judgment as a matter of law at the close of the plaintiffs case in chief, and whether the Court grants any relief at the close of the plaintiffs case.

By way of compromise, defendants agreed to withdraw objections to use of defense exhibits if plaintiffs intend to introduce those exhibits in plaintiffs' case in chief. However, the primary concern remains that there are only twenty (20) joint exhibits and another two-hundred and ninety-nine (299) plaintiff and defense exhibits.

Defense counsel further finds the choice of photos and videos, and some of their captions, to be argumentative. Identifying the plaintiffs by way of photographs seems to be a neutral fact, following their identification with photos or videos of them struggling with officers, being handcuffed, or proned out, is an effort to put the substance of the alleged violations in the opening, which is generally a neutral recitation of anticipated evidence. Characterizing photographs as

"Compliance" or "Non-Compliance" is argument prior to introduction of evidence, and appears improper. A detailed list of objections to exhibits is listed below, as specific objections.

The "Rules" section (Pages 3-7) sets forth legal precepts for police interaction with citizens that defendants do not necessarily agree with. Plaintiffs' offer to retitle them as "Principles" doesn't change the substance of the issue, which is that the Court is the final arbiter of what law goes to the jury and how the law is applied, which appears to be the purpose of Local Civil Rule 47(c).

The "Defendants" section (Pages 87-92) include descriptive language that is a legal conclusion presented as a fact "Signed false affidavits of probable cause for" (plaintiffs). It's argumentative and telling the jury an ultimate issue for the jury to decide. There may be some way to present the theory of the case without being argumentative, but this is not it.

The "What You Will Be Asked as Jurors" is premature (Page 93), because it presupposes that all claims will survive to jury presentation. The questions also seem to run afoul of Local Civil Rule 47(c).

Proposed demonstrative B, the "30(b)(6) Charts," are cumulative. Plaintiffs already won the battle to get the 30(b)(6) chart (as amended) into evidence, and listed it in their exhibit list. The blank chart, to be filled in while questioning Captain Polito, is cumulative and potentially confusing to the jury (FRE 403), and unduly prejudicial, as the repeated creation and display of the chart gives it more weight with the jury.

Proposed demonstrative C, "Additional Demonstratives," clearly usurps the Court's prerogative to tell the jury what the law is and how it's applied. Defense counsel did not object to pages 2 and 3 – bare recitations of La. R.S. 14:97 and La. R.S. 14:100.1, but objects to everything

else. Page 1, a reiteration of the "Rules" from demonstrative A, suffers the same defect – announcing legal standards to be applied by the jury.

Pages 3, 4, and 5, of demonstrative C, purport to explain Constitutional rights, and the relative importance of those rights. Apart from being incomplete and subject to dispute amongst lawyers and judges, even in closing, these charts would be inappropriate as usurping the Court's prerogative to explain the law and how it's applied to the jury.

Pages 7 and 8 of demonstrative C are particularly offensive. First, they are wrong, "Officers must have evidence a particular person committed a particular crime." No, they have to believe that more likely than not, a person committed a specified or similar offense. Probable cause is not certainty, and the "How are our rights protected" slide is a misrepresentation. The "How are Constitutional rights violated" bypasses the Court's authority through the jury instructions to dictate how rights are violated, and likewise mis-states the law.

*Specific Objections*

**Demonstrative A, 2023.1.24 – Plaintiffs' Opening Demonstrative**

| Page | Objection(s) |
|---|---|
| 3-7 | "Rules" Local Civil Rule 47(c), arguing law to jury. |
| 14-15 | "Compliance/Non-Compliance" Argumentative, characterization of evidence prior to entry in the record, not joint exhibits, defense exhibits. |
| 27 | Photo EBRSO, SCU. Not a joint exhibit, can't tell if it's photo or video, source unknown. |
| 28 | Video CPSO on porch shoving protesters. Argumentative, prejudicial. Not a joint exhibit. |
| 34 | K. Savage getting cuffed. Argumentative. Not a joint exhibit. Defense exhibit. |
| 35 | C. Foytlin detention. Argumentative. Not a joint exhibit. |

| | |
|---|---|
| 36-37 | Pollard and Haze. Not a joint exhibit. |
| 38-39 | Pollard and Haze. Not a joint exhibit. |
| 40 | Pollard grabbed with hand on neck. Argumentative, unduly prejudicial, LSP settled out. Not a joint exhibit. |
| 41 | Haze struggling with officers. Argumentative. Not a joint exhibit. |
| 42-43 | Imani and Muhammad. Not a joint exhibit. |
| 44 | Imani and Muhammad proned out. Argumentative. Not a joint exhibit. |
| 45-46 | Salazar and Castanon. Not a joint exhibit. Defense exhibit. |
| 47 | Salazar and Castanon being detained. Argumentative. Not a joint exhibit. |
| 48 | Castanon, cuffed, being pulled up. Argumentative. Not a joint exhibit. |
| 49-50 | A. Swope. Not a joint exhibit, can't tell source of image. |
| 51 | A. Swope in custody, video. Argumentative. Not a joint exhibit. |
| 52-53 | Onuoha. Not a joint exhibit. |
| 54 | Onuoha in custody, non-plaintiff is falling to the ground. Argumentative, prejudicial. Not a joint exhibit, source unknown. |
| 55-56 | Feldman, Fishbein, Phoenix. Not a joint exhibit, one image is a defense exhibit. |
| 57 | Feldman in custody, Phoenix being cuffed. Argumentative, prejudicial. Not a joint exhibit, can't tell where images are from. |
| 58-59 | Liebeskind. Not a joint exhibit. Defense exhibit. |
| 69 | Plastic Trash Can. Appears to be from WWL video that plaintiffs objected to. Not a joint exhibit. Defense exhibit. |
| 71 | Water Bottle thrown at officers, video. Not a joint exhibit. |
| 72-74 | "BRPD's Policies and Policy Choices" General Order 291 is Joint Exhibit 4, but Order No. 502/95-3, special events, is Defense Exhibit 75, not on plaintiffs' exhibit list. |

In conclusion, plaintiffs' proposed demonstrative exhibits violate traditional notions of opening statements and the local rules. The "30(b)(6) Chart" is in, but they don't get to do it twice and hammer the jury over the head with it. The "Additional Demonstratives" that appear to be for

closing argument are highly prejudicial, legally inaccurate, violate the local rules, and run afoul of the uniform jury instructions, which make the Judge the final arbiter of legal issues and how they are presented to the jury.

**RESPECTFULLY SUBMITTED:**

**ANDERSON O. "ANDY" DOTSON, III**
**PARISH ATTORNEY**

/s/ Joseph K. Scott, III
**Joseph K. Scott (#28223)**
Special Assistant Parish Attorney
222 St. Louis St., 9th Floor
Baton Rouge, LA 70802
(225) 389-3114 - Telephone
(225) 389-8736 - Facsimile
jkscott@brla.gov - Email

/s/ Anderson O. "Andy" Dotson, III
**Anderson O. "Andy" Dotson, III (#26865)**
Parish Attorney
222 St. Louis St., 9th Floor
Baton Rouge, LA 70802
(225) 389-3114 - Telephone
(225) 389-8736 – Facsimile
adotson@brla.gov - Email

/s/ Courtney K. Humphrey
**Courtney K. Humphrey (#30818)**
Deputy Parish Attorney
222 St. Louis St., 9th Floor
Baton Rouge, LA 70802
(225) 389-3114 - Telephone
(225) 389-8736 - Facsimile
chumphrey@brla.gov - Email

/s/ A. Gregory Rome
**A. Gregory Rome (#21062)**
Director of Litigation & Risk Management
222 St. Louis St., 9th Floor
Baton Rouge, LA 70802
(225) 389-3114 - Telephone
(225) 389-8736 – Facsimile
grome@brla.gov - Email

/s/ Michael P. Schillage
**Michael P. Schillage (#35554)**
Assistant Parish Attorney
222 St. Louis Street., 9th Floor
Baton Rouge, LA 70802
(225) 389-3114 – Telephone
(225) 389-8736 – Facsimile
mschillage@brla.gov - Email

/s/ David M. Lefeve
**David M. Lefeve (#20920)**
Sr. Special Assistant Parish Attorney
222 St. Louis Street., 9th Floor
Baton Rouge, LA 70802
(225) 389-3114 - Telephone
(225) 389-8736 - Facsimile
dlefeve@brla.gov – Email

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BLAIR IMANI, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                             **NO.:  17-CV-439-JWD-EWD**

**CITY OF BATON ROUGE, ET AL**
*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Objection to Demonstrative Exhibits* was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this   **26th**    day of **January, 2023.**

                                  **/s/  Joseph K. Scott, III**
                                  **JOSEPH K. SCOTT, III**